RUSSELL, Judge.
The parties were divorced in November 1985, and custody of their daughter and two sons was granted to the mother. In November 1990 custody of the two sons was changed to the father. In January 1991 the mother filed a complaint, asking that custody be returned to her. The father counterclaimed, asking for child support from the mother and requesting that the trial court order that costs be paid by the mother. The trial court denied the request for change of custody. It further ordered that the father allow the children reasonable telephone privileges with their mother, that he work to improve his and his present wife’s relationship and communication with the mother concerning the children, and that he pay costs and $500 for the guardian ad litem’s fee.
The father filed a motion to reconsider, requesting that the trial court modify its order by assessing costs against the mother and granting child support from the mother consistent with Rule 32, Alabama Rules of Judicial Administration. The motion was denied by the trial court, and the father appeals. We affirm in part, reverse in part, and remand.
The father first contends that the trial court erred in failing to award child support pursuant to the Child Support Guidelines, Rule 32, A.R.J.A., or to make a finding concerning the request for an award of child support.
Rule 32(A) provides in pertinent part as follows:
“Guidelines for child support are hereby established for use in any action to establish or modify child support, whether temporary or permanent. There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption: ,
[[Image here]]
“(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable.”
In addition, we note that the comment to the guidelines provides that “[t]he guidelines will provide an adequate standard for children, subject to the ability of their parents to pay, and will make awards more equitable by ensuring more consistent treatment of persons in similar circumstances.” (Emphasis supplied.)
In the present case, although evidence was presented that the mother earns $8 an hour and works a forty-hour week, the trial court did not order that she pay child support pursuant to the guidelines and did not make a finding that application of the guidelines would be unjust or inappropriate. Therefore, we reverse and remand for the trial court either to apply the guidelines or, if setting an amount deviating from the guidelines, to make a written finding on the record that application of the guidelines would be unjust or inappropriate.
The father next contends that the trial court abused its discretion in ordering that he pay costs when the action was brought by the mother and she did not prevail. He states that the common law tradition provides that costs be assessed against the losing party, but that the trial court has broad discretion here and that its decision will be reversed only where there has been *1372 an abuse of that discretion. Crayton v. City of Mobile, 484 So.2d 474 (Ala.Civ.App. 1985).
The mother responds that, although the father prevailed on the issue of child custody, he did not prevail on the issue of child support or on the issue of the mother’s right to reasonable contact with her sons.
Rule 54(d), Alabama Rules of Civil Procedure, provides that “costs shall be allowed as of course to the prevailing party unless the court otherwise directs.” Therefore, although costs are generally taxed to the losing party, Rule 54(d) gives authority to the trial court to allocate them differently, Cash v. Mayo, 429 So.2d 1092 (Ala.Civ. App.1983), and generally leaves the taxing of costs to the trial court’s discretion. Smith v. Smith, 482 So.2d 1172 (Ala.1985).
In view of the above and the evidence presented, we hold that the trial court did not abuse its discretion, and we affirm the trial court’s judgment regarding the taxing of costs.
The judgment is due to be affirmed in part and reversed in part, and the case remanded for further proceedings, if necessary, and for the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.