YATES, Judge.
The mother filed a petition to show cause why the father should not be held in contempt of court, citing his failure to comply with specific provisions of the original divorce decree. The father subsequently filed a motion to reduce child support, alleging a change in circumstances with regard to his ability to pay child support. The trial court, in its “Order” of April 30, 1992, refused to hold the father in contempt, granted other relief requested by the mother, and denied the father’s motion, stating:
“[T]he [father] presented evidence that his income has decreased markedly, particularly within the last few months, due to business reversals; however, he did not present any documentation, admitted into evidence, of such decreases in income, nor was any evidence submitted with regard to the Court’s finding that he has other assets and income from the Doyle Family Trust and other sources. The Court finds that the [father] failed to meet the burden of proof necessary of showing a material change in circumstances, which would affect the needs of the children and would otherwise justify a modification of child support. Further, the Court points out that the [father] failed to file a Child Support Income Affidavit, as required by Rule 32, A.R.J.A., or show how calculation of child support should be attempted by the Court should a material change in circumstances have been noted.”
The father’s motion to alter,- amend, or vacate was denied.
Appearing pro se, the father appeals. He first contends that the trial court erred in failing to find a change in circumstances and failing to apply Rule 32 to reduce child support. He claims that there was sufficient evidence to show a change of circumstances, that the trial court did not thor *1332 oughly investigate the question, and that it committed an abuse of discretion by disbelieving his testimony.
Rule 32(A)(2)(i), Alabama Rules of Judicial Administration, provides that “[t]he provisions of any judgment respecting child support shall be modified ... only upon a showing of a material change of circumstances that is substantial and continuing.” In addition, child support will .not be modified, except for clear and sufficient reasons after the question has been thoroughly considered and investigated. Latham v. Latham, 570 So.2d 694 (Ala.Civ.App.1990). The burden of proof in a modification action rests on the one seeking the modification. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App.1981).
Furthermore, alimony, child support, and their subsequent modification are matters that rest within the trial court’s discretion, and the trial court’s judgment will not be disturbed absent an abuse of discretion or unless the determination is plainly and palpably wrong. Bobo v. Bobo, 585 So.2d 54 (Ala.Civ.App.1991).
In the present case the parties were married in July 1980. There were three children born of the marriage, and, in addition, the mother adopted the father’s child from a previous marriage.
The parties were divorced in August 1990, and the mother was granted custody of all four children. The father was awarded specific visitation and ordered to pay $1,300 per month for child support for three of the children. The mother was awarded Social Security payments that were paid on behalf of the child that she adopted. The father also was ordered to pay $700 per month in alimony through August 15, 1993. The trial court’s order in the original divorce was affirmed on appeal to this court.
The father, in support of his motion in the current action, testified that his income had been reduced “due to actions of [his] company in the marketplace ... resulting from the [insurance] company’s decision to withdraw from certain markets.” He also stated that his monthly income had been between $2,000 and $2,100 for the past four months. The trial court sustained objections to the admission of “business documents” for which there was no foundation for admission and copies of pay stubs that had been altered by handwriting.
Although the father cites several cases for the proposition that substantial decline in income justifies modification, the trial court found that the father did not meet the burden of proof regarding a change of circumstance and, in particular, that he did not present admissible documentation or evidence regarding his assets and income from various sources. After reviewing the evidence, we cannot find that the trial court erred in this finding.
The father next contends that the trial court erred in ordering that he “pay back support based on incorrect assumptions, and by reinterpreting its own orders.” The father’s meaning by this statement is not apparent, nor does he clarify it for us. In addition, he has not cited any authority that supports his contention. Therefore, we will not consider it. Rule 28(a)(5), A.R.App.P.; Simonton v. Carroll, 512 So.2d 1384 (Ala.Civ.App.1987); May v. State Department of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987).
The father also presents two other contentions for which he cites no authority; therefore, we likewise will not consider them. Rule 28(a)(5), A.R.App.P.; May.
Based on the above, the trial court’s judgment is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.