This case is here on appeal for the second time. For a summary of the facts, see Doyle v. Doyle, 621 So.2d 1330
(Ala.Civ.App. 1993). Following that first appeal, the father filed a motion to reduce or eliminate child support and other obligations and filed an objection and claim of exemption in response to a process of garnishment filed by the mother. After a hearing, the trial court, finding that a *Page 49 
material change in circumstances had occurred, modified the father's child support obligations, but denied his claim of exemption from garnishment. Appearing pro se, the father appeals.
He raises seven issues; however, we find two to be dispositive. Specifically, he contends that: (1) the trial court abused its discretion in denying his claim of exemption; and (2) based on the evidence presented, the trial court erred in awarding the mother continued child support. We find these contentions to be without merit, and affirm.
In its order dated April 7, 1993, the trial court noted:
 "4. That with respect to the [father's] claim of exemption as against garnishment, the Court finds that judgments for alimony and child support are ex delicto, not ex contractu, and the [father] is not entitled to a claim of exemption from garnishment with regard thereto. See, Kilgore v. Kilgore, 572 So.2d 480 (Ala.Civ.App. 1990)."
We find no error by the trial court on this issue.
The father next argues that the trial court, in ordering that he continue to pay child support, failed to comply with Rule 32, Ala.R.Jud.Admin. In its April 7 order, the trial court found:
 "1. That there has been a material change in circumstances since the last entry of an Order of child support in this cause, in that the [father] has been convicted of a felony, has lost his license to sell insurance, and is presently unemployed. The Court, however, finds that the [father] should be able to find some form of employment and, based upon his education and experience, he should be able to earn somewhat in excess of minimum wage as a retail sales person, or other similar job, and has the ability to earn a minimum of $1,000.00 per month. The Court, has therefore, imputed income to the [father] in said sum, in accordance with Rule 32 ARJA. . . ."
At the time applicable to this proceeding, Rule 32(B)(5), Ala.R.Jud.Admin., read as follows:
 "Unemployment; Underemployment. If the court finds that either party is voluntarily unemployed or underemployed, it shall impute that parent's income and calculate child support based on that parent's potential income which would otherwise ordinarily be available. In order to impute income for a parent who is unemployed or underemployed, the court should determine the employment potential and probable earning level of that parent based on the parent's recent work history, education, occupational qualifications, and prevailing job opportunities and earning levels in the community. The court may, in its discretion, take into account the presence of a young or physically or mentally disabled child necessitating the parent's need to stay in the home and therefore the inability to work."
(Emphasis added.)
This court concludes that the trial court's order is consistent with the mandate of Rule 32(B)(5). Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.