After 18 years of marriage, James Gregory Tucker and Kathy Wilson Tucker were divorced by a judgment entered on January 10, 1996. From this judgment, the former husband appeals on several grounds.
First, the husband argues that the trial court abused its discretion by not considering the bonus received by the wife from her employer as part of her income for purposes of computing child support pursuant to Rule 32, Ala. R. Jud. Admin. Rule 32 defines "gross income" as including income from "bonuses." Rule 32(B)(2)(a), Ala. R. Jud. Admin. In addition, the instructions provided on the child support obligation income statement/affidavit, which was completed by both parties in this case, includes "bonuses" as income that must be included in computing gross monthly income.
The record reveals that, at the divorce hearing, the wife's attorney began the proceedings by informing the court that he had not included the wife's bonus of $5,800 in his computation of her gross monthly income. In addition, the wife verified the existence and amount of this bonus during cross-examination. Nevertheless, the record reflects that the trial court did not include the wife's bonus as part of her gross income for purposes of determining the parties' child support obligations.
Because the trial court did not follow the Rule 32 guidelines regarding the computation of the wife's gross monthly income, we must reverse the judgment and remand this case so that the court can either apply the guidelines or make a written finding on the record showing that the application of the guidelines would be unjust or inappropriate. See Harford v. Harford,608 So.2d 1370, 1371 (Ala.Civ.App. 1992).
The husband also argues that the trial court abused its discretion by not altering its calculation of the husband's gross monthly self-employment income for purposes of computing his child support obligation as was requested by the husband in his post-trial motion. The record reflects that the child support obligation income statement/affidavit submitted to the trial court by the husband on the date of the divorce hearing shows the husband's gross monthly self-employment income to be $850 and his total gross monthly income to be $3,220. At the hearing, the husband did not present the trial court with testimony contradicting these figures. In fact, the husband did not present the trial court with evidence contradicting his earlier calculations of his own monthly self-employment income until more than a month after *Page 594 
the hearing, when he filed a "motion for reconsideration." In this motion, the husband submitted evidence tending to show that his gross monthly self-employment income was actually less than the $850 he previously had indicated to the court.
Child support awards are within the trial court's discretion and will not be disturbed absent an abuse of discretion or a showing that the determination is plainly and palpably wrong.Doyle v. Doyle, 621 So.2d 1330 (Ala.Civ.App. 1993). Based on the foregoing review, we conclude that the trial court did not abuse its discretion in denying the father's motion based on his gross monthly self-employment income. In so ruling, we note that judgments as to child support are never res judicata and may be modified upon a showing of changed circumstances.Thistlethwaite v. Thistlethwaite, 590 So.2d 317
(Ala.Civ.App. 1991). Thus, as to this issue, the judgment of the trial court is affirmed.
Finally, the husband argues that the trial court abused its discretion by awarding the marital residence to the wife, by awarding the wife permanent alimony, by awarding an attorney fee to the wife, and by denying his request to be allowed to claim one of their children as a dependent for income tax purposes.
The record shows that the trial court awarded the husband two automobiles, his personal property, and his savings, checking, and retirement accounts and investments. The wife was awarded the marital residence, one automobile, certain personal property, and the checking, savings, and retirement accounts held in her name. Care, custody, and control of the parties' three minor children were awarded to the wife. In addition to child support, the husband was ordered to pay the wife $125 per month periodic alimony and $1,697.30 in alimony in gross. In addition, the husband was ordered to pay the wife's attorney fee.
A trial court's discretionary ruling regarding the division of property in a divorce proceeding will not be disturbed on appeal absent a palpable abuse of discretion. Craft v. Craft647 So.2d 781 (Ala.Civ.App. 1994). In addition, an award of an attorney fee is discretionary with the trial court and will not be reversed on appeal except for an abuse of discretion.Matejka v. Matejka, 647 So.2d 778 (Ala.Civ.App. 1994).
After reviewing the record in this case, we find no evidence to support the husband's contention that the trial court abused its discretion in awarding the marital home, alimony, and an attorney fee to the wife. We also conclude that the trial court did not abuse its discretion in refusing to allow the husband to claim one of their children as a dependent for income tax purposes and thereby allowing the deductions to go to the custodial parent, as is assumed under Rule 32, Ala. R. Jud. Admin.
Therefore, that portion of the judgment awarding child support is reversed; otherwise, the judgment is affirmed. The cause is remanded. The wife's request for an attorney fee on appeal is hereby denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.