MONROE, Judge.
Barbara Jean Thomas, the mother, petitioned for postminority support from Ronnie Lenn Thomas, the father, to help pay the college costs of their son, Ronnie Lenn Thomas, Jr. In turn, the father petitioned to end his child-support obligation. After a hearing, the trial court entered a judgment terminating the father’s child-support obligation. The mother appeals.
The mother contends that the trial court erred in denying postminority support for the son, who is currently attending college. Specifically, she says, the trial court failed to consider the factors enumerated in Ex parte Bayliss, 550 So.2d 986 (Ala.1989), regarding whether to award support for the postminority education of a child. In Bayliss, the Supreme Court held that, in determining whether to award postminority support, “the trial court shall consider all relevant factors that shall appear reasonable and necessary, including -primarily the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.” Id. at 987.
Furthermore, in situations subject to the Bayliss principle, “a parent should be required to financially assist in his child’s pursuit of a college education when the parent is able to do so without an ‘undue hardship.’ ” Spillers v. Spillers, 707 So.2d 256, 259 (Ala.Civ.App.1997). “ ‘[U]ndue hardship’ does not mean personal sacrifice, as parents often sacrifice to send their children to college.” Id.
The son is a sophomore at Alabama State University, in Montgomery. Both the *123 father and the mother testified that the son’s grades are good and that he is working toward a degree in elementary education. There is no dispute that the son has a commitment to, and the aptitude for, a college education.
The father testified that he works for the Bruno’s grocery-store chain, earning $3,600 a month. He said that he periodically deposits money into the son’s cheeking account; however, nothing in the record indicates how much money he actually deposits. The father also has bought the son a car. The father said that he intended to pay for his son’s college expenses and that there is no reason he cannot afford to pay those expenses. However, he also said that he has not paid any money to the college.
The mother testified that she earns $3,000 a month as a consultant to the Hoover city school system. She cosigned her son’s student loan, which has a current accrued debt of $7,325, and she has been making monthly payments on the loan while the son has been in school. The father is not liable for any portion of the loan, and he has not contributed any money toward the payment of the loan. The mother said that if she received support from the father, then tuition and other expenses could be paid directly and there would be no need to make additional loans. She also said that she sends the son money to help him with his monthly expenses. Additionally, the son has received a grant and he has a job to help meet expenses.
In its order terminating the father’s child-support obligation, the trial court wrote that it was “satisfied that [the] parties are providing sufficient support for [the] child’s college endeavor and that ordered support will serve no purpose.” We disagree. The mother and the son are bearing the brunt of the financial burden of the son’s college education. The evidence shows that the father deposits an unspecified amount of money to the son’s checking account, but the deposits apparently are not made with any regularity. The evidence also shows that the father has not paid any money toward the son’s tuition or toward repaying his student loans. Simply because the son’s education expenses are currently covered does not relieve the father of his obligation to share in those costs. See Spillers, supra.
There is no indication that the trial court considered the Bayliss factors when it terminated the father’s child-support obligation. The evidence tends to show that the father has the financial resources to help pay the son’s college expenses, and, as noted above, the son has the commitment and aptitude to earn a college degree. Based on the evidence, we conclude that the father should be paying a set portion of the son’s college expenses but he is not doing so. The mother and son would both benefit from knowing that a specific sum of money is going to be paid each month toward the son’s college expenses.
The judgment of the trial court is reversed. This cause is remanded for the trial court, by applying the Bayliss factors, to determine the amount of postminority support the father should be obligated to pay, and to enter a judgment accordingly.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.