This is a divorce case.
After an ore tenus proceeding, the trial court entered a judgment of divorce. The wife was awarded the marital residence, valued between $42,000 and $58,000, with a mortgage of $6,321; an undeveloped lot given to her by her brother, valued at $22,100 (not part of the marital assets); funds in the amount of $15,000 from investments in a bond fund; $14,200 in individual retirement accounts; and a 1977 Oldsmobile.
The husband received funds in the amount of $23,489 from investments in a bond fund, $16,200 in individual retirement accounts, a 1985 GMC Astro van, a 1979 Pacer automobile, and all cash on hand, which included $8,000.
The husband appeals, contending that the trial court committed an abuse of discretion in its division of assets, based upon the contribution of each party to the accumulation of the assets. We affirm.
At the outset we note that the judgment of a trial court following an ore tenus proceeding is presumed correct and will be set aside only when it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). In addition, the division of property is within the discretion of the trial court and will not be disturbed on appeal except for palpable abuse of that discretion. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989); Euler v. Euler, 515 So.2d 710
(Ala.Civ.App. 1987); Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App. 1986). Even if the award to the wife from the marital assets is liberal, the trial court has wide discretion in its judgment in divorce cases. That discretion is presumed correct on appeal and will be "set aside or revised only if determined to be so arbitrary, disparate and contrary to equity as to be clearly wrong and unjust." Thompson v. Thompson, 377 So.2d 141, 142
(Ala.Civ.App. 1979). "[D]ivision of property in a divorce proceeding does not have to be equal, but should be equitable."Dowdy v. Dowdy, 473 So.2d 1091, 1093 (Ala.Civ.App. 1985).
Factors to be considered by the trial court in a division of property include the earning ability of the parties; their future prospects, ages, and health; the duration of the marriage; the source, value, and type of property; and the conduct of the parties. Dowdy, 473 So.2d 1091 (citing Morgan v.Morgan, 402 So.2d 984 (Ala.Civ.App.), cert. denied,402 So.2d 990 (Ala. 1981)).
The record reveals that the parties were married for twenty-eight years, with no children born of the marriage. At the time of the divorce, the wife was fifty-three years of age and the husband was sixty. The husband works as a consulting engineer and earns $25.50 an hour, whereas the wife has not worked outside the home since the early years of the marriage, and then only in unskilled type employment. Her education did not extend beyond high school. There is also evidence of medical problems of the wife.
The husband was assigned to a large number of temporary assignments of six months or less, necessitating much time away from the marital residence. Although the wife moved with the husband during the early years of the marriage, there was some dispute in the testimony as *Page 776 
to whether the wife refused to travel with the husband after the purchase of the marital home or whether he declined to invite her.
There is evidence that the husband did not live with the wife or provide financial support from mid-1985 until November 1988 and that the wife maintained herself and the household from the parties' savings.
Although the husband contends that the court's division of assets is an abuse of discretion, considering the contribution of each party to the accumulation of those assets, such is not the standard which this court must apply. Rather, in applying our standard, considering the difference in earning ability of the parties, the health of the wife, the twenty-eight year marriage, and the other stated factors, we cannot find that the division of the marital property was wrong or unjust or that it shows a palpable abuse of discretion. Therefore, this case is due to be affirmed.
The wife has requested an attorney's fee for representation on appeal. That request is granted in the amount of $500.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.