[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 809 
The parties were divorced in 1987. The mother was awarded custody of the parties' two minor children, and the father was ordered to pay $725 per month in child support. In July 1993 the father filed a petition to modify, requesting that his child support obligation be reduced and that the terms of visitation be clarified. Following oral proceedings, the trial court denied the father's request to reduce his child support obligation, found the father to be in contempt and in arrears in his payment of child support, and made visitation with the minor children discretionary with the mother. The father appeals.
Initially, the father asserts that the court erred in refusing to reduce the amount of his monthly child support obligation.
A prior child support award may be modified only on proof of changed circumstances, and the burden of proof rests on the party seeking the modification. Kellum v. Jones, 591 So.2d 891
(Ala.Civ.App. 1991). The modification of child support for changed circumstances is a matter strictly within the trial court's discretion. The trial court's decision will not be disturbed on appeal unless there is a clear abuse of discretion. Kellum.
Once a change in circumstances is proven, Rule 32(A), A.R.Jud.Admin., establishes a rebuttable presumption that the correct amount of child support results from the application of the guidelines. Kellum. If the trial court finds that either parent is voluntarily unemployed or underemployed, it may impute that parent's income and calculate the child support accordingly. Rule 32(B)(5), A.R.Jud.Admin.
The father insists that the recent loss of his job presented the requisite change in circumstances to warrant a reduction. The mother contends that the father's loss of employment was voluntary and therefore not subject to a reduction.
The record reflects that the father was employed as a radiological control technician with the Tennessee Valley Authority. He had been so employed for 13 years. At the time of the divorce, he was making between $40,000 and $50,000 annually. In 1991 he earned approximately $70,000, and in 1992 he earned approximately $82,000. In April 1993, after the father tested positive for cocaine use, his employment was terminated. The termination came after his employer had given him warning and a second chance. The father testified that he started using crack cocaine in 1992 and that he had prior drug and alcohol problems going back to 1987.
The father testified that he has been unable to find employment and that he has no independent resources from which to pay the child support obligation.
The trial court apparently determined that, due to his misconduct, the father was voluntarily unemployed and that he was capable of finding some form of employment. In view of the discretion afforded the trial court under Rule 32(B)(5), A.R.Jud.Admin., we can find no error in the trial court's refusal to reduce the father's child support obligation. We recognize that the effect of the judgment will be to allow a deficiency to accumulate. However, it will be an incentive for the father to stay off drugs and to find employment.
The father asserts that the trial court erred in finding him in arrears in the amount of $3,987.50.
Child support payments become final judgments on the date they are due and are immune from change. Logue v. Jordan,598 So.2d 997 (Ala.Civ.App. 1992). One may *Page 810 
defend against an action for the collection of past due child support payments by showing payment or discharge.Logue.
The determination of arrearage by the trial court will not be disturbed on appeal unless it is unsupported by the evidence and is plainly erroneous and manifestly unjust. Culverhouse v.Culverhouse, 389 So.2d 937 (Ala.Civ.App. 1980).
The mother, with the aid of the circuit clerk's records, proved that the father was $3,600 in arrears in his child support payments. She further proved that he was in arrears in his reimbursement of certain medical expenses. The father did not attempt to show payment or discharge. He did assert that he made an overpayment of $1,920. He failed to prove, however, that the overpayment went to support the minor children. We find no error.
The father finally asserts that the trial court erred in making visitation with the minor children discretionary with the mother.
The issue of child visitation is within the sound discretion of the trial court. Wyatt v. Wyatt, 549 So.2d 1351
(Ala.Civ.App. 1989). When the issue of visitation is determined after oral proceedings, the trial court's determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Andrews v. Andrews,520 So.2d 512 (Ala.Civ.App. 1987). The trial court's primary consideration in establishing visitation rights for the noncustodial parent must be the best interests and welfare of the child. Jackson v. Jackson, 520 So.2d 530 (Ala.Civ.App. 1988).
The mother testified that she was concerned for her children's safety due to the father's drug addiction. Her concerns were compounded by the fact that the father failed to pass a drug test that was administered on the day of the hearing. The test was administered because the trial court suspected that the father was under the influence of drugs while on the witness stand. Under the circumstances, we find no abuse of discretion.
The judgment of the trial court is affirmed.
The mother's request for attorney fees is granted in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.