RICHARD L. HOLMES, Retired Appellate Judge.
Henry Wade Cox (father) and Rita F. Dunn (mother) were divorced in October 1983. The divorce decree adopted an agreement executed by the parties, which provided that the mother was to have custody of the parties’ two minor children, Jason, who was born on December 18, 1974, and Kari, who was bom on April 14, 1982. Pursuant to this same agreement, the father was ordered to pay child support of $200 per month, retroactive to January 10, 1983.
The divorce decree was modified on April 17, 1986, by a joint petition of the parties. In the joint petition to modify, the parties agreed that the father was to be given custody of the minor children and that this change in custody would relieve the father of the responsibility of making child support payments. The parties also agreed in the joint petition to modify that full and unrestricted visitation rights should be granted to the mother.
In February 1994 the mother filed a petition for contempt, alleging that the father was willfully and intentionally obstructing the mother’s reasonable visitation with the parties’ minor daughter. We would note that the parties’ minor son has reached the age of majority.
The petition for contempt also alleged that the father had failed, or refused, to pay $200 per month in child support to the mother from January 10,1983, to April 17,1986, and that an arrearage of $8,000, plus interest, was due to the mother from the father.
After an ore tenus hearing the trial court issued an order, finding that the father was “in contempt of court for his willful and *965 intentional refusal to allow [the mother] reasonable visitation with the minor child, Kari Ann Cox.” The trial court ordered that the father was to he incarcerated, but suspended the sentence in order to give the father an opportunity to comply with the visitation order previously entered.
The trial court also found that the father owed an arrearage for child support from January 1983 through March 1986 in the amount of $7,800, plus interest. The trial court awarded attorney fees to the mother in the amount of $750.
The father filed a motion for a new trial, which was denied by operation of law. See Rule 59.1, Ala.R.Civ.P.
The father appeals.
We would note that the standard of review in a civil contempt case was clarified by this court in Stack v. Stack, 646 So.2d 51, 56 (Ala.Civ.App.1994), as follows:
“[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.”
The father contends that the trial court’s judgment is plainly and palpably wrong.
Our review of the record reveals that the father admitted at trial that he has denied the mother reasonable visitation with their minor daughter since December 1993. Consequently, we cannot find that the trial court’s judgment regarding the father’s interference with the mother’s visitation rights is plainly and palpably wrong.
We would note that the father focuses the majority of his argument on appeal on the issue of the child support arrearage for January 1983 through March 1986. The father contends that the - evidence presented at trial demonstrates that the minor children have resided with him since September 1984.
Additionally, the father contends that the trial court misinterpreted the April 17, 1986, modification order and that the trial court did not take into account expenditures made by the father which would have given him a substantial credit against the arrearage.
An appellate court will not disturb the trial court’s determination of the amount of arrearage unless (1) there is no evidence to support the determination and (2) it appears that the trial comb’s determination is plainly and palpably wrong. Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994).
Our review of the record reveals the following pertinent facts: The mother testified that she worked the night shift at a nursing home in Atmore, Alabama, and that on the nights she was working, the children slept at the father’s residence because, she says, he was not paying child support, he wanted to keep the children, and he did not want anyone else to keep them. The mother testified that she never intended to relinquish custody of the minor children to the father during this period of time.
The mother stated that the minor children were with her on a daily basis from the time of the divorce until just before the modification in April 1986. She testified that in February 1986, she moved to Daphne, Alabama, in an effort to improve her financial situation. She further testified that the children were to remain with their father until she was established. She stated that she ultimately decided to allow the father to have custody of the children because she did not have the financial means to care for the children adequately.
The father testified that the minor children have resided with him on a full-time, permanent basis since September 1984. The children’s paternal grandmother testified that the minor children stayed in her home in Oak Grove, Florida, for a period of time. The grandmother admitted that the mother was either in school or working nights during this period of time that she and the children’s father shared the responsibility of caring for the minor children.
The father called several witnesses to substantiate his claim that the children have resided with him on a full-time, permanent basis since September 1984. However, we would note that one of these witnesses testi- *966 fled that he recalled seeing the mother on a daily basis.
Consequently, we do not find that the mother relinquished custody of the children prior to the modification.
The father also contends that certain language in the joint petition for modification and in the April 17, 1986, order modifying the divorce decree should be interpreted to mean that he did not owe any money to the mother for past-due child support. The following language, which is found in paragraph six of the joint petition for modification, serves as the basis for the father’s contention:
“A change in custody would also necessitate a change in the child support and relieve the father, Henry Wade Cox, of the responsibility of making any child support payments separate and apart from his providing of the full support and maintenance of said child pursuant to custody.”
An additional basis for the father’s contention is the language in the April 17, 1986, modification order, which provided that “the provision for child support to be paid by said [father] is hereby terminated.”
We find no merit in the father’s contention that the above-stated language should be interpreted to mean that he did not owe any money to the mother for past-due child support. It is well settled that child support payments become final judgments when due and thereafter cannot be changed. Cunningham, 641 So.2d 807. In an action to collect past-due child support payments, the party obligated to make the child support payments must show payment or discharge. Cunningham, 641 So.2d 807.
The father also contends that the trial court did not take into account certain expenditures which would have given him a substantial credit against the arrearage. The father contends that following their divorce, he provided funds to help the mother purchase a vehicle, that he paid her tuition at Reid Technical School, and that he purchased a lawnmower and a window unit air-conditioner for her.
However, the father presented no receipts or cancelled checks in order for the trial court to verify a monetary amount which might serve as a basis for a credit for the child support arrearage. Further, there was no evidence that any of these expenditures were for the support of the minor children.
The father also contends that he paid child support through a joint bank account in the names of the mother and the father. The father introduced copies of monthly bank statements for this joint account, covering the period from January 11, 1983, through April 11, 1986. The father testified that he made all of the deposits — totalling $4,300 — into that account and that the mother used the funds in that joint account.
The mother testified to the existence of the joint bank account and that she was the only one who had a checkbook to that account. However, she stated that no child support was paid to her through this joint bank account. In fact, the mother testified that she made all of the deposits into this joint account between 1983 and 1986 and that the father did not make any deposits directly into this account.
The father failed to introduce into evidence copies of any deposit slips or cancelled checks to verify that he made all of the deposits to the joint account between 1983 and 1986. In fact, the father testified that he did not obtain copies of any deposit slips or cancelled checks from the bank to prove that he had paid the child support through the joint account because he “really thought it was absurd to be brought here ... on contempt of child support that was already paid. I didn’t think I was going to have to do all of that.”
In light of the above, we do not find that the trial court’s determination of the arrear-age was plainly and palpably wrong.
The judgment of the trial court is due to be affirmed.
The mother’s request for attorney fees on appeal is hereby granted in the amount of $750.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status *967 as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.