MONROE, Judge.
This is a divorce case.
The parties were married in 1961. Three children were born of the marriage, all of whom have reached majority; however, during the marriage the parties adopted their grandchild, who was five years old at the time of the divorce. On October 25, 1995, the wife sued for a divorce, alleging the grounds of adultery, incompatibility of temperament, and irretrievable breakdown of the marriage. The husband counterclaimed for a divorce.
The case was tried ore tenus on May 16, 1996. The trial court entered a divorce judgment in which it awarded the wife custody of the grandchild and ordered the husband to pay $125 per month in child support until he becomes employed; to maintain medical insurance for the child; and to name the child as “beneficiary on his present life insurance program.” The judgment ordered that the marital home remain jointly owned by the parties with right of survivorship, that the wife have exclusive possession of the home, and that the wife be responsible for expenses related to the home. The court ordered the husband to pay the wife $1,735 for injuries she sustained when he assaulted her; awarded the wife one-half of the parties’ income tax refund; awarded her a $650 attorney fee; and divided the parties’ personal property. The judgment did not award the wife alimony, but reserved the issue of alimony until the husband becomes employed. The court awarded the husband his retirement account, with a balance of approximately $11,000, and it equally divided all of the parties’ remaining joint accounts.
The wife filed a post-judgment motion and a motion to show cause why the husband should not be held in contempt for failing to pay to the wife the sums ordered by the trial court and for continuing to harass her by visiting the marital home and refusing to leave, attempting to enter the home, and demanding that the wife feed him. The court denied the post-judgment motions, but issued an order instructing the husband to refrain from harassing the wife. The wife appeals.
The wife argues that the trial court abused its discretion by not awarding her full ownership of the marital home and by failing to award her any portion of the husband’s retirement account. She argues that, because she was financially dependent on the husband throughout them 35-year marriage and because she has no means of self-support, she should have been awarded the home. The evidence at trial indicates that the home has been paid for, and, therefore, that the wife will not have mortgage payments.
We note that the judgment of a trial court following ore tenus proceedings is presumed correct and will not be reversed on appeal unless it is plainly and palpably wrong. Corl v. Corl, 560 So.2d 774 (Ala.Civ.App.1990). The division of property is within the trial court’s discretion; the trial court’s property division will not be disturbed absent a showing of an abuse of that discretion. Id. at 775.
The division of property does not have to be equal, but it must be equitable. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). The factors that the trial court should consider when making a property division include the parties’ earning abilities and future prospects; the parties’ ages and health; the duration of the marriage; the *523 source, value, and type of property; and the conduct of the parties. Corl, supra, at 775.
The testimony adduced at trial reveals that the parties were married when the wife was 17 and after the birth of their first child; the wife did not obtain a high school diploma. With the exception of about two years, the wife was not employed during the marriage. The wife is 52 year's old and has no marketable skills. The husband, who is 53 years old, earned most of the money that paid for the parties’ home and supported the family. The husband was employed by Com-cast Cable Company for 24 years and was earning approximately $29,000 per year before he was fired in October 1995 for allowing unauthorized passengers to ride in his company truck. The husband testified that he has been unemployed since that time, although the wife asserts that he had obtained some temporary work. The wife alleges that the husband has tried to keep his work a secret so that he can hide his money from her.
The testimony also reveals that most of the parties’ savings accounts were depleted while the divorce was pending. After the husband quit giving the wife money, she cashed a certificate of deposit of about $6,400, which she used for living expenses for herself and the grandchild. The husband withdrew approximately $13,000 from a credit union account in January or February 1996. The wife found the cheek issued by the credit union, so the husband had the bank cancel the cheek and issue another one. He stated that he used that money for his living expenses, including rent of $250 per month, new tires and rims for his car, and food. At trial, he stated that he had $5 left from that account.
The husband also testified that he has accumulated approximately $11,000 in a retirement account. There is no dispute that the account was funded during the course of the marriage. The wife has no retirement savings.
The testimony and exhibits also indicated that the husband had developed a relationship with another woman and that this relationship had led to the breakdown of the marriage. The husband denied that he and the other woman were anything more than friends. The parties had a physical altercation in January 1996, after which the wife filed criminal charges against the husband. The wife suffered a fractured wrist, which she claims was inflicted by the husband. The husband admitted to fighting with the wife, but testified that he did not injure her.
Having considered the evidence and testimony presented to the trial court, we cannot conclude that the property division is plainly and palpably wrong or that the trial court abused its discretion. Considering the meager assets remaining, we cannot determine that the trial court should have awarded the wife more than it did. Such a holding would be contrary to the Supreme Court’s decisions in Ex parte Smith, 673 So.2d 420 (Ala.1995), and Ex parte Millard, 683 So.2d 1002 (Ala.1996), in which it reiterated that this court is not to substitute its judgment for that of the trial court. Our review is limited to a determination of whether the judgment is supported by “sufficient evidence ... to support [the trial court’s] decision against a charge of arbitrariness and abuse of discretion.” Smith, supra, at 422. That portion of the trial court’s judgment dividing the parties’ property is due to be affirmed.
The wife also argues that the trial court erred by failing to order the husband to purchase and maintain a life insurance policy naming the minor child as the beneficiary. The trial court instructed the husband to name the child as the beneficiary of his “present life insurance program” and to furnish proof of compliance to the wife within 30 days. The evidence indicated that the husband had a life insurance policy provided by Comcast Cable. The husband testified that he has not paid any premiums since he was fired from his job and that the policy has lapsed. Thus, the wife argues, that portion of the trial court’s judgment regarding life insurance is ineffective and should be amended to require the husband to procure insurance if he currently has none.
This court recently held that an order requiring a parent to obtain life insurance for the benefit of a child is within the trial court’s discretion. Jordan v. Jordan, 688 So.2d 839 (Ala.Civ.App.1997). See also, Davidson v. Davidson, 643 So.2d 1001, 1004 (Ala.Civ.App.1994). It appears that the trial court intended to require the husband to *524 name the child as beneficiary if the insurance policy remained in effect, but did not intend to require the husband to procure insurance if his policy had lapsed. We cannot say that the trial court abused its discretion by failing to require the husband to purchase life insurance for the child’s benefit. Therefore, that portion of the trial court’s judgment is also due to be affirmed.
The wife’s request for an attorney fee for this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY and THOMPSON, JJ., concur.
YATES, J., dissents.