Frieda Dianne Horwitz and Allan Arnold Horwitz were married for 14 years. One child, a son, was born of the marriage. Frieda had two daughters from a previous marriage, and Allan adopted them. In 1995, Frieda filed a complaint seeking a divorce from Allan. Allan also filed a complaint seeking a *Page 1120 
divorce from Frieda. When the complaints were filed, the children were ages 26, 18, and 11. The trial court consolidated the two cases.
A trial was held and the trial court entered a judgment as follows. The court divorced the parties, gave the mother custody of the parties' 11-year-old son, and ordered the father to pay $600 per month as child support. The court ordered post-minority support for the younger daughter, who by then was 19. The court gave the mother the marital home and ordered that the father make the mortgage payments for one year after the divorce judgment and, thereafter, that the mother be responsible for the payments. The court gave the mother all personal property in the home, with a few exceptions. Each party was awarded an automobile and was made responsible for the debt on the automobile. The court found that the wife's interest in the couple's businesses was $250,000 and ordered the husband to pay the wife this amount by making payments of $1,500 per month and ordered that the amount bear 8% interest per annum. The court reserved the right to order periodic alimony.
Both parties filed post-judgment motions. The court denied them, but explained that the $250,000 the father owed the mother and the 8% interest would be treated as a regular debt. The mother appeals and the father cross-appeals.
The mother claims that the court erred in calculating the amount of child support. The mother claims that the trial court had before it substantial evidence indicating that the father "grossly under reported his income for federal income tax reporting purposes." There was disputed evidence as to the father's actual income from the businesses. The mother contends that advances and dividends were not included in the father's gross income, which would not in accordance with Rule 32, Ala. R. Jud. Admin. In accord with Rule 32, Ala. R. Jud. Admin., the trial court, when computing support obligations, must take into account all sources of income of the noncustodial parent. The trial court has no discretion in this matter. Rule 32, Ala.R.Jud.Admin.; see Rogers v. Sims, 671 So.2d 714, 716 (Ala.Civ.App. 1995).
Rule 32(E), Ala. R. Jud. Admin., provides that "a standardized Child Support Guidelines form and a Child Support Obligation Income Statement/Affidavit form shall be filed in each action to establish or modify child support obligations and shall be of record and shall be deemed to be incorporated by reference in the court's child support order." Thus, Rule 32(E), mandates the filing of a standardized Child Support Obligation Income Statement/Affidavit. "Without the child support form and the income statement forms, it is difficult and sometimes impossible for an appellate court to determine from the record if the trial court did or did not correctly apply the guidelines in establishing or modifying child support obligations." Martin v. Martin, 637 So.2d 901, 902-03 (Ala.Civ.App. 1994).
Rule 32(E) was not complied with in this case. Because the parties did not file support-guideline forms and income-affidavit forms, this court is not able to determine whether the court complied with the guidelines. We are unable to determine how the court arrived at the $600 monthly child-support award. Thus, that part of the court's judgment regarding child support is reversed, and the case is remanded for the court to comply with Rule 32. On remand, both parties must fully complete and sign income affidavits, Form CS-41, reflecting their circumstances as of the time the child-support calculations are made. State ex rel. Dunnavant v. Dunnavant, 668 So.2d 851, 853 (Ala.Civ.App. 1995). The trial court must also complete and sign a child-support-calculation form, Form CS-42. Id.
The mother also argues that the court erred in not providing support for *Page 1121 
the parties' younger daughter. The daughter was 18 when the parties filed their complaints for divorce. By the time the case was tried, the daughter had developed an illness and at 19 she was diagnosed with Crohn's disease. The mother argues that because the term "children," under the child-support guidelines, includes dependent children over the age of minority, the father should have been ordered to provide support for the daughter. There is no evidence that the daughter is dependent. Thus, we cannot say that the court erred in not awarding child support for the daughter.
The father, on cross-appeal, argues that the court erred in not clarifying the provision relating to the daughter. He argues that under the law he should not be responsible for an adult child's medical insurance and expenses.
The trial court ordered the father to pay one-half of the daughter's tuition, books, and fees and residential expenses if she moves over 50 miles away from the mother's home. The court stated that post-minority support will continue for five years and the court provided that if the daughter has to drop out of school for a term because of her illness, the period for post-minority support shall be extended. The court also ordered the father to pay $150 a month for spending money and miscellaneous expenses during school terms. The court ordered the father to "keep medical insurance on [the daughter] so long as said insurance is available at a price comparable to that being paid at the time of the entry of this [divorce judgment] . . . . Provided however, that if [the daughter] becomes totally disabled and is eligible for disability or other benefits due to her illness, these benefits shall be utilized to defray [the daughter's] expenses first and then [the father] should pay one half of the balance of said expense."
At the end of the hearing, the court asked the parties to summit a summation of the parties' desired judgment. The mother failed to file one. However, the father's desired judgment included a paragraph dealing with post-minority support for the daughter. That paragraph is almost verbatim what the trial court's judgment states. Thus, what the father seeks to have clarified was a provision he submitted to the court. The father's argument is not well taken. Furthermore, there is no evidence that the court provided anything other than post-minority support for the daughter.
The mother also argues that the court erred in not awarding her alimony and that the court erred in its property division.
In reviewing a trial court's judgment in a divorce case based upon ore tenus evidence, this court is required to presume the judgment to be correct until it is shown to be plainly and palpably wrong or unjust. Ex parte Jackson, 567 So.2d 867 (Ala. 1990). Matters of alimony and property settlement are within the discretion of the trial court and will not be disturbed except for a palpable abuse of discretion. Kelley v. Kelley,579 So.2d 1362 (Ala.Civ.App. 1991). Moreover, issues concerning alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). Factors to consider in making a division of property include the earning abilities of the parties; their future prospects, ages, and health; the duration of the marriage; the source, value, and type of property; and the conduct of the parties. Corl v. Corl, 560 So.2d 774
(Ala.Civ.App. 1990).
The main dispute in this case regarded the father's financial condition. During the marriage, the parties started an optical business. There was evidence that the mother was never listed as a joint owner of the business, although she testified that she believed she was a joint owner with the father. The parties both worked at the business. At the time of the hearing, *Page 1122 
they had established three other optical businesses. A true value of the businesses cannot be ascertained from the record. The tax returns show that the businesses made profits ranging from $20,000 to $60,000. The tax returns show that the father reported an income of less than $30,000 although the businesses reported advances to the officers ranging up to $120,000. The mother presented an array of financial documents and testified that during the marriage the parties' living expenses were paid from business accounts. There was testimony indicating that the father received advances from the businesses of $120,000 a year. There was testimony indicating that for the businesses to prosper, the father should not withdraw over $60,000 from them. The mother presented documents indicating that the businesses have a net worth of $500,000, documents showing the father with an income of $95,000 a year and a net worth of $927,000. The father stated that in most years the parties' took out $120,000 to $180,000 from the businesses.
The trial court gave the father the businesses and found that the mother's share of the businesses was worth $250,000. The trial court ordered the father to pay the mother $250,000, at $1,500 a month, with 8% interest on the debt. The court did not state what the father's actual monthly payment should be. In a post-judgment motion, the mother requested that the court explain and set out what the father's payment would be and how the interest would be calculated. The trial court stated that the debt would be treated like any other debt.
The court did not award the mother periodic alimony but reserved the right to do so in the future. The court awarded the mother the marital home. There was evidence that the home was appraised at $130,000 in 1994. In 1994, the parties refinanced the home, with a new loan of $105,000. A portion of the new loan was used to pay off the debt from the prior loan and the remaining money was put into the business. There was evidence that the new mortgage secured a note that called for a monthly payment of $1,054 for 59 payments and a final balloon payment of $80,670. Because the court's judgment provides that the father is responsible for one year of the mortgage payments and the mother is responsible for payments thereafter, the mother will be responsible for the final payment of $80,670.
In its judgment, the trial court gave the mother the father's equity in the home. In light of the outstanding mortgage and the value of the home, it appears the parties have little equity in the home. The wife testified that the husband was at fault in causing the breakdown in the marriage. In its order, the trial court stated that it found that the father was more at fault than the mother for the breakdown of the marriage. From the court's judgment, the mother will receive $1,500 a month from the husband. She was awarded the marital home and is responsible for a monthly mortgage payment of $1,054. The mother has worked in the family businesses since their beginning. As stated, the father was given the businesses and the mother is now unemployed. The trial court stated, "[The mother] is not comfortable working out of town when [the daughter] is having [medical] problems and there are not many opportunities for employment in her field in the Auburn/Opelika area." The court found that another factor affecting the mother's employability was the son's psychological problems, which were due primarily to the divorce.
We reiterate that issues concerning alimony and property division are interrelated. "A division of property in a divorce proceeding does not have to be equal, but should be equitable." Corl v. Corl, 560 So.2d 774 (Ala.Civ.App. 1990). Moreover, the purpose of alimony is to preserve, as closely as possible, the economic status quo of the parties after the divorce as it existed during the marriage. Moore v. Moore, 537 So.2d 961 (Ala.Civ.App. 1988). We find the trial court's judgment *Page 1123 
to be inequitable. Thus, we reverse that portion of the court's judgment regarding alimony and property division and remand for the trial court to reexamine the parties' circumstances and the effect of its judgment and to enter an equitable award.
The appellant's request for an attorney fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.