YATES, Presiding Judge,
concurring in part, dissenting in part.
I concur with the main opinion that the trial court did not abuse its discretion in applying the Rule 32, Ala. R. Jud. Admin., child-support guidelines.
I respectfully dissent regarding the issue of periodic alimony. The wife testified that she had worked in the husband’s company as a bookkeeper until she filed for a divorce and that she had previously operated a bar/eatery. The record contains a payroll statement indicating that the wife earned $800 per week; however, at the time of trial, she was unemployed. Her 1999 W-2 (form statement) showed that she had earned $38,599 in wages. The wife also stated that she thought she had received about $125,000 in gambling winnings during 1999; however, the statements submitted by several casinos indicated that the wife had suffered a net gambling loss for the past several years. We note that the wife admitted that she had a gambling addiction and the husband testified that she had written numerous checks from his company accounts to cover her losses at the casinos. I do not consider the wife’s gambling winnings to be a stable source of income.
In comparison, the husband’s individual federal income tax return listed an adjusted gross income of $453,845 for 1999, and his corporate income tax return showed a total income of $665,482 for 1999. An accountant testified that one of the husband’s company’s was valued at $1.2 million and that the husband had a 51% interest in that company.
Based on the length of marriage, the parties’ earning abilities, the current financial means of the husband, the significant disparity in their respective incomes, and the likelihood that that disparity will re *699 main for the foreseeable future, I conclude that the wife is entitled to periodic alimony or rehabilitative alimony. “The purpose of alimony is to preserve, as closely as possible, the economic status quo of the parties after the divorce as it existed during the marriage.” Horwitz v. Horwitz, 739 So.2d 1118, 1122 (Ala.Civ.App.1999). Accordingly, I would reverse that portion of the trial court’s judgment and instruct the trial court to fashion a more equitable award.
MURDOCK, J., concurs.