Lloyd Hollis Hayes ("the father") appeals from a judgment entered by the Lauderdale Circuit Court following an ore tenus hearing concerning the father's motion to modify his child-support obligation.
The father and Carol Mason Hayes ("the mother") were divorced on May 28, 2002, by a judgment that incorporated an agreement of the parties; that incorporated agreement included a provision requiring the father to pay child support in the amount of $415 every two weeks. At the time that the parties finalized the agreement, the father had been arrested on a criminal charge of possession of obscene material. Although the father was employed *Page 152 
as a local fire marshal, he had been placed on administrative leave without pay pending resolution of the criminal charge. After the parties' agreement had been incorporated into a final divorce judgment, the father was convicted of felony possession of obscene material[1] and, pursuant to § 15-20-20.1, Ala. Code 1975, was required to register as a sexual offender.
In June 2004, the father filed a petition requesting that the trial court modify his child-support obligation because, he claimed, his felony conviction had resulted in the termination of his employment as a fire marshal and, in addition, had prevented him from finding a job at which he might earn a salary comparable to the one he earned in his former employment. The trial court conducted an ore tenus proceeding on March 17, 2005, and entered its judgment two weeks later.
In its judgment, the trial court granted the father's request for a reduction in child support to $625 per month[2] because one of the parties' two children had reached the age of majority. The trial court determined, however, that the father's change in income was not a material change in circumstance because the loss of employment "was due to his own misconduct," and that court determined that the father was, therefore, voluntarily underemployed. Additionally, the trial court made a determination that the father was in criminal contempt of court as to each occasion that he had failed to make his monthly child-support payment before the modification petition was filed, a total of 22 offenses. The trial court sentenced the father to 3 days of incarceration for each of the 22 separate acts of contempt, or a total of 66 days of incarceration; that sentence was stayed pending this appeal.
The father appeals and alleges that the trial court erred in determining that he was voluntarily underemployed and in finding him in contempt of court for failing to pay his monthly child support. In addition, the father asserts that the child-support-guidelines forms required by Rule 32, Ala. R. Jud. Admin., were not used to determine his prospective child-support obligation. Finally, the father posits that ordering him to be incarcerated for his failure to pay child support was in error. The first and last claims of error are interrelated in that the father asserts that the trial court's alleged error in making a finding of voluntary underemployment resulted in the improper sentence of incarceration for contempt of court for failing to pay past-due child support.
When a trial court's judgment regarding child support, including a determination of an arrearage, is based on ore tenus evidence, that judgment is presumed to be correct and will not be reversed on appeal unless it is plainly and palpably wrong.State ex rel. Scott v. Scott, 637 So.2d 892, 893
(Ala.Civ.App. 1994). Moreover, the determination of a child-support arrearage is within the sound discretion of the trial court, and absent a showing of an abuse of discretion the trial court's judgment will not be reversed. Abel v.Abel, 824 So.2d 767, 768 (Ala.Civ.App. 2001); see alsoHill v. Hill 730 So.2d 248 (Ala.Civ.App. 1999).
The father's first contention, that the trial court erred when it determined him to be voluntarily underemployed, is *Page 153 
unsupported by citations to any statutes or caselaw that would provide affirmative support for the father's contention.[3]
Rather, the father attempts to distinguish this case from this court's decisions in Van Houten v. Van Houten,895 So.2d 982 (Ala.Civ.App. 2004), and Cunningham v.Cunningham, 641 So.2d 807 (Ala.Civ.App. 1994). In bothVan Houten and Cunningham, the conduct that prevented the payors in those cases from meeting their child-support obligations occurred after the obligations had been established in divorce judgments. The father asserts here that, at the time he committed the actions that eventually led to his criminal conviction, he had not yet been divorced from the mother and was not obligated to make child-support payments under the divorce judgment. However, there is nothing in the holdings of Van Houten andCunningham that would indicate that the timing of the act resulting in the parent's loss of prior employment is material to a determination of the voluntariness of that parent's unemployment or underemployment under Rule 32(B)(5), Ala. R. Jud. Admin. The father in this case would have remained obligated to provide support for his children even if his voluntary actions had not resulted in a felony conviction.
We note that the trial court, in exercising its discretion to find the father to be voluntarily underemployed, took into consideration the fact that the father waited 18 months after his felony conviction to seek a judicial adjustment to his monthly child-support obligation and to assert that he had been unable to find employment with a salary comparable to the one that he earned in his former occupation. From the date of the entry of the divorce judgment in May 2002 until the father filed his petition to modify in June 2004, the father failed to make many of the court-ordered payments of $415 every two weeks, and an extensive arrearage accrued during that time; in fact, by the time of trial, the father's arrearage totaled more than $7,000.
Alabama law is settled that "[a] party may not unilaterally reduce child support payments without the consent of the court."Phillippi v. State ex rel. Burke, 589 So.2d 1303, 1304
(Ala.Civ.App. 1991). The law is also well established that child-support payments that mature or become due before the filing of a petition to modify are not modifiable.[4] SeeEx parte State ex rel. Daw, 786 So.2d 1134, 1137
(Ala. 2000); and Ex parte State ex rel. Lamon,702 So.2d 449, 450 (Ala. 1997). A child-support obligation may be modified only as to installments that accrue after the filing of a petition to modify the child-support obligation. Rule 32(A)(3)(a), Ala. R. Jud. Admin.; see also Frasemer v.Frasemer, 578 So.2d 1346, 1348 (Ala.Civ.App. 1991) (court-ordered child-support payments "become final money judgments on the dates that they accrue and are thereafter immune from change or modification"). Based upon the authorities cited above, the father's contention that he could not be held in contempt for failing to pay the court-ordered monthly child-support amounts *Page 154 
that accrued before he filed his modification action are meritless.
Moreover, in his attempt to challenge the trial court's determination that he was voluntarily underemployed, the father fails to cite any statutes or caselaw in support of this contention. The father's "argument" in his brief on appeal as to this issue, therefore, does not comply with Rule 28(a)(10), Ala. R.App. P. An appellate court is under no obligation to perform research or to make arguments for appellants. Seegenerally Rule 28, Ala. R.App. P.; Ex parteShowers, 812 So.2d 277, 281 (Ala. 2001); and Brown v.Brown, 719 So.2d 228, 230 (Ala.Civ.App. 1998). We conclude, based upon each of the reasons stated above, that the trial court did not err to reversal in finding the father voluntarily underemployed and in finding him to be in contempt of court for failing to pay the court-ordered child support that accrued before the filing of his modification action. See alsoPreussel v. Preussel, 874 So.2d 1124 (Ala.Civ.App. 2003).
The father's only remaining contention is that the trial court failed to utilize the required child-support-guidelines forms in making its determination of the amount of prospective child support owed by the father. This court has held that if the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin, (which requires the filing of "Child Support Obligation Income Statement/Affidavit" forms (Forms CS-41) and a "Child Support Guidelines" form (Form CS-42)), and if child support is made an issue on appeal, this court will remand (or reverse and remand) for compliance with the rule. See Martin v.Martin, 637 So.2d 901, 903 (Ala.Civ.App. 1994). On the other hand, this court has affirmed child-support awards when, despite the absence of the required forms, we could discern from the appellate record what figures the trial court used in computing the child-support obligation. See, e.g., Dunn v.Dunn, 891 So.2d 891, 896 (Ala.Civ.App. 2004); Rimpf v.Campbell, 853 So.2d 957, 959 (Ala.Civ.App. 2002); andDismukes v. Dorsey, 686 So.2d 298, 301
(Ala.Civ.App. 1996). Nevertheless, without the child-support-guidelines forms, it is sometimes impossible for an appellate court to determine from the record whether the trial court correctly applied the guidelines in establishing or modifying a child-support obligation. See Horwitz v.Horwitz, 739 So.2d 1118, 1120 (Ala.Civ.App. 1999).
The record in this case contains only one Form CS-41 prepared by the father; it reflects an amount between $1,200 and $1,400 in monthly income. However, the judgment expressly noted that the trial court had imputed a monthly income to the father of $4,417 and that the actual monthly income of the mother totaled $3,245. Calculating the father's child-support obligation under Rule 32 based solely on his percentage share of the parties' combined incomes (as reflected in the judgment) would result in a child-support obligation significantly greater than $625 per month. In fact, no application of the income figures specified by the trial court to the schedule of basic child-support obligations in the child-support guidelines supports the $625 monthly child-support award, and the trial court did not expressly state that it had deviated from the guidelines or state any reasons why a deviation from the guidelines would be necessary. See Appendix to Rule 32, Ala. R. Jud. Admin.; see also Mosley v. Mosley, 770 So.2d 638, 640
(Ala.Civ.App. 2000).
Accordingly, we must reverse the judgment modifying the child-support award and remand the cause for the trial court to properly determine the father's prospective child-support obligation in compliance with Rule 32, Ala. R. Jud. Admin. The *Page 155 
trial court may, in its discretion, compute the obligation according to the guidelines or expressly state the reasons why a deviation from the guidelines is necessary in this case. Seealso Harmon v. Harmon, 928 So.2d 295 (Ala.Civ.App. 2005).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CRAWLEY, P.J., and THOMPSON, J., concur.
MURDOCK and BRYAN, JJ., concur in the result, without writing.
[1] In Alabama, the only statute under which possession of obscene material may be punished as a felony offense is §13A-12-192(b), Ala. Code 1975, a portion of the Alabama Child Pornography Act.
[2] That reduction in the child-support obligation was made retroactive to June 18, 2004, the date the father filed his modification petition.
[3] The father does not make any argument regarding the finding of voluntary underemployment as it relates to hisprospective child-support obligation, and we therefore do not reach that issue.
[4] In Carr v. Broyles, 652 So.2d 299
(Ala.Civ.App. 1994), this court reversed an order of incarceration because the nonpaying parent did not have funds to pay alump-sum child-support arrearage. In this case, the trial court received evidence indicating that the father had failed to pursue options to borrow against his retirement account. Additionally, the trial court only ordered the father to pay $175 per month toward the child-support arrearage, rather than ordering him to pay the entire amount in one lump sum.