BRYAN, Judge.
Victor G. Suggs (“the father”) appeals from a divorce judgment entered by the Covington Circuit Court insofar as it ordered him to pay child support for the child born during his marriage to Melissa Suggs (“the mother”).
The father, proceeding pro se, filed a complaint for a divorce in the trial court on April 25, 2009. In his complaint, the father alleged that one child had been born of the marriage between him and the mother, that there was no marital property to be disposed of, and that, at the time the complaint was filed, the father was incarcerated in the St. Clair Correctional Facility near Springville. On May 11, 2009, the mother, also proceeding pro se, filed an answer to the father’s complaint for a divorce, and she requested child support. The mother subsequently filed an amended answer to the father’s complaint for a divorce and filed a counterclaim for a divorce.[1]
*923 The trial court conducted an ore tenus hearing on September 3, 2009, and only the mother was present for the hearing. The mother stated that she was not employed and that the father had been a truck driver and had “had a restaurant and stuff like that” before he became incarcerated in 2002 or 2003. The mother stated that she thought that the father had been sentenced to 150 years in prison and that the child, who was 11 years old at the time of the hearing, was insured by Medicaid. At the close of the hearing, the trial court stated that it would “impute the minimum wage to [the father] and nothing for [the mother]” for purposes of establishing a child-support award.
On September 9, 2009, the trial court entered a judgment divorcing the parties on the ground of incompatibility and stating that the parties had previously divided all property and debts. The judgment ordered the father to pay child support in the amount of $232.50 a month; the judgment stated that Rule 32, Ala. R. Jud. Admin., had been followed and that the father’s income had been imputed. The father was also ordered to pay for all “medical, dental, eye care, orthodontic, and prescription drug expenses” that were not covered by the child’s insurance.
The father filed a motion to alter, amend, or vacate the divorce judgment pursuant to Rule 59, Ala. R. Civ. P. The father argued that the trial court had erred by ordering him to pay child support and all uncovered medical expenses of the child because, in light of the fact that he was incarcerated and “serving multiple life sentences,” he had no opportunity to obtain income in the foreseeable future. The trial court denied the father’s post-judgment motion, and the father timely appealed to this court.
On appeal, the father maintains that the trial court exceeded its discretion by failing to follow the child-support guidelines found in the appendix to Rule 32. He argues that the trial court erred by imputing income to him for the purpose of entering a child-support order because it was undisputed that he was incarcerated and because he does not have any income. He also argues that the trial court erred when it ordered him to pay child support in light of the fact that neither party filed the appropriate standardized child-support forms as required by Rule 32(E), Ala. R. Jud. Admin.[2]
This court has consistently held that “matters relating to child support ‘rest soundly within the trial court’s discretion, and will not be disturbed on appeal absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably -wrong.’ ” Scott v. Scott, 915 So.2d 577, 579 (Ala.Civ.App.2005) (quoting Bowen v. Bowen, 817 So.2d 717, 718 (Ala.Civ.App.2001)).
Initially, we note that a child in this State has an inherent right to receive support from his or her parents. Ex parte Tabor, 840 So.2d 115, 120 (Ala.2002) (quoting with approval Willis v. Levesque, 402 So.2d 1003, 1004 (Ala.Civ.App.1981)). However, an obligor parent’s ability to pay *924 child support is always an underlying factor to consider in setting a child-support award. See Comment to Rule 32, Ala. R. Jud. Admin, (as amended to conform to amendments effective October 4, 1993) (“The guidelines will provide an adequate standard support for children, subject to the ability of their parents to pay....”); and Burgett v. Burgett, 995 So.2d 907, 913 (Ala.Civ.App.2008) (quoting Dyas v. Dyas, 683 So.2d 971, 973-74 (Ala.Civ.App.1995)) (when the combined gross income of both parents exceeds the amount set forth in the child support guidelines the amount of child support awarded “ ‘must rationally relate to the reasonable and necessary needs of the child ... and must reasonably relate to the obligor’s ability to pay for those needs....’” (emphasis omitted)).
Despite the general rule that the obligor’s ability to pay is always considered when establishing or modifying an award of child support, Rule 32 provides a trial court the authority to impute income to a parent if that court finds that the parent is voluntarily unemployed or underemployed. See Rule 32(B)(5), Ala. R. Jud. Admin. (“If the court finds that either parent is voluntarily unemployed or underemployed, it shall estimate the income that parent would otherwise have and shall impute to that parent that income; the court shall calculate child support based on that parent’s imputed income.”). Although the trial court, in its judgment, did not explicitly conclude that the father was voluntarily unemployed, such a finding was implicit in the judgment that imputed income to the father despite his unemployment. See Stone v. Stone, 26 So.3d 1228, 1230 (Ala.Civ.App.2009) (quoting Turner v. Turner, 745 So.2d 880, 883 (Ala.Civ.App.1999)) (“ ‘The trial court did not make the explicit finding that the husband was voluntarily unemployed or underemployed. However, we conclude that such a finding is implicit in the language of the trial court’s judgment [imputing income to the husband].’ ”). It is well settled that “the determination that a parent is voluntarily unemployed or underemployed ‘is to be made from the facts presented according to the judicial discretion of the trial court.’ ” Clements v. Clements, 990 So.2d 383, 394 (Ala.Civ.App.2007) (quoting Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala.Civ.App.1992)).
This court has never addressed whether, in establishing an award of child support, a trial court may impute income to a parent who is incarcerated. However, we have previously stated that a trial court must exercise its discretion in child-support matters that concern an incarcerated obli-gor parent. See Grogan v. Grogan, 608 So.2d 397, 398 (Ala.Civ.App.1992) (trial court has discretion to suspend the accrual of child support while an obligor parent is incarcerated); and Alred v. Alred, 678 So.2d 1144, 1146 (Ala.Civ.App.1996) (in a proceeding to modify child support, the fact that the father was unemployed and incarcerated was a matter for consideration in determining his ability to pay child support). We have also consistently recognized the duty of a parent to provide support for his or her children. See, e.g., P.Y.W. v. G.U.W., 858 So.2d 265, 267 (Ala.Civ.App.2003) (“It is a basic principle of Alabama law that a parent has a duty to support his or her minor child and that this duty of support is a fundamental right of all minor children.”); and Davenport v. Hood, 814 So.2d 268, 275-76 (Ala.Civ.App.2000) (holding that contempt sanctions can be pursued to enforce a judgment for past-due child support even after a child has reached the age of majority or has become emancipated and recognizing that to do otherwise could allow an obligor parent to avoid his or her duty to support his or her children during their minority).
*925 Because the trial court heard evidence that would support a finding that the father’s unemployment was caused by his voluntary conduct, i.e., his criminal conduct that resulted in convictions that led to a 150-year jail sentence, the trial court did not exceed its discretion by concluding that the father was voluntarily unemployed. We recognize that the father, unlike other individuals who are voluntarily unemployed, does not have the option to remedy his situation by seeking employment. However, the father is similarly situated to other parents who are voluntarily unemployed because his unemployment was a result of actions and conduct that were within his control. “‘Criminal activity foreseeably can lead to incarceration and such activity is obviously within an individual’s control.’ ” Yerkes v. Yerkes, 573 Pa. 294, 307, 824 A.2d 1169, 1176 (2003) (quoting In re Marriage of Thurmond, 265 Kan. 715, 729, 962 P.2d 1064, 1073 (1998)). Thus, we conclude that the trial court did not exceed its discretion in concluding that the father was voluntarily unemployed and that he remained obligated to support his child despite the fact that he was incarcerated at the time the judgment was entered.[3]
We recognize that this court has previously held that, when it has been demonstrated that a parent has no ability to pay child support, it is improper for the trial court to order a parent to pay child support. Hannah v. Hannah, 582 So.2d 1125, 1126 (Ala.Civ.App.1991). However, there is no evidence to indicate that the father does not have the ability to pay child support. We note that “[a] divorced parent’s duty to contribute to the maintenance of his or her minor children is not limited to his or her wages, but may also include income derived from property holdings and any other earning capacity.” State ex rel. Smith v. Smith, 631 So.2d 252, 254 (Ala.Civ.App.1993); and Aired v. Aired, supra. See also Rule 32(B)(2), Ala. R. Jud. Admin, (defining “gross income” to include “income from any source,” including other than employment-related income, such as dividends, interest, trust income, gifts, and prizes).[4]
Because the trial court found, at least implicitly, that the father was voluntarily unemployed, the trial court was required *926 to impute income to the father. See Rule 32(B)(5) (“If the court finds that either parent is voluntarily unemployed ..., it shall estimate the income that parent would otherwise have and shall impute to that parent that income.... ” (emphasis added)). The second sentence of Rule 32(B)(5) provides the method for determining the amount of income to impute to a parent who has been determined by a trial court to be voluntarily unemployed or underemployed. On appeal, the father has not challenged the amount of income that was imputed to him for purposes of setting his child-support obligation. Thus, we will not address whether the trial court exceeded its discretion by imputing minimum-wage income to the father. See Tidwell v. Pritchett-Moore, Inc., 12 So.3d 83, 88 (Ala.Civ.App.2008) (“An issue not raised on appeal is deemed waived, and we need not address it.”).
The father also states, in the statement-of-the-issues section of his brief on appeal, that the trial court erred in ordering him to pay the uncovered medical expenses of the child. However, the father makes no further argument in his brief regarding the trial court’s order requiring him to pay the child’s uncovered medical expenses. Because the father has not properly presented this argument for review on appeal, we will not address it. See Rule 28(a)(10), Ala. R.App. P.; Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (“ When an appellant fails to properly argue an issue, that issue is waived and will not be considered. Boshell v. Keith, 418 So.2d 89 (Ala. 1982).’ Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala.Civ.App.1996).”).
Finally, the father argues that the trial court erred in ordering him to pay child support in light of the fact that the parties did not file the appropriate standardized forms that are required to be filed pursuant to Rule 32(E), Ala. R. Jud. Admin.
“This court has held that if the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin, (which requires the filing of ‘Child Support Obligation Income Statement/Affidavit’ forms (Forms CS-41) and a ‘Child Support Guidelines’ form (Form CS-42)), and if child support is made an issue on appeal, this court will remand (or reverse and remand) for compliance with the rule. See Martin v. Martin, 637 So.2d 901, 903 (Ala.Civ.App.1994). On the other hand, this court has affirmed child-support awards when, despite the absence of the required forms, we could discern from the appellate record what figures the trial court used in computing the child-support obligation. See, e.g., Dunn v. Dunn, 891 So.2d 891, 896 (Ala.Civ.App.2004); Rimpf v. Campbell, 853 So.2d 957, 959 (Ala.Civ.App.2002); and Dismukes v. Dorsey, 686 So.2d 298, 301 (Ala.Civ.App.1996). Nevertheless, without the child-support-guidelines forms, it is sometimes impossible for an appellate court to determine from the record whether the trial court correctly applied the guidelines in establishing or modifying a child-support obligation. See Horwitz v. Horwitz, 739 So.2d 1118, 1120 (Ala.Civ.App.1999).”
Hayes v. Hayes, 949 So.2d 150, 154 (Ala.Civ.App.2006).
The father correctly asserts that the record does not contain the child-support forms required by Rule 32(E). Evidence at the final hearing indicated that the mother was not employed and that the child’s health insurance was provided through Medicaid. There was no evidence regarding the cost of child care. See Rule 32(C)(2), Ala. R. Jud. Admin. (“A total child-support obligation is determined by adding the basic child-support obligation, *927 work-related child-care costs, and health-insurance costs.”). At the final hearing, the trial court stated that it would calculate child support by imputing minimum-wage income to the father “and nothing for [the mother].” No application of the income figures specified by the trial court to the schedule of basic child-support obligations in Rule 32 supports the $232.50 monthly child-support award that the father was ordered to pay. Furthermore, there is no indication that the trial court intended to deviate from the child-support guidelines. See State Dep’t of Human Res. v. J.B., 628 So.2d 889, 891 (Ala.Civ.App.1993) (“[I]n order for a court to deviate from the guidelines, there must be written findings of fact based upon evidence presented to the court to support such a deviation.”). “[T]his court cannot affirm a child-support order if it has to guess at what facts the trial court found in order to enter the support order it entered .... ” Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999). Based on the meager record in this particular case, without the standardized child-support forms required by Rule 32, we are unable to determine whether the trial court appropriately applied the child-support guidelines in establishing the award of child support. Accordingly, we must reverse the judgment establishing the child-support award and remand the cause for the trial court to determine the father’s child-support obligation in compliance with Rule 32. On remand, “[t]he trial court may, in its discretion, compute the obligation according to the guidelines or expressly state the reasons why a deviation from the guidelines is necessary in this case.” Hayes v. Hayes, 949 So.2d at 154-55. See also Rule 32(A).
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, but dissents from the rationale.

. The mother's initial response to the father’s complaint for a divorce does not contain a certificate of service. On appeal, the father alleges that the mother never requested child support, indicating that the father was not aware of the mother's request for child support. However, our caselaw indicates that a parent has a duty to pay support for a child even if support is not specifically requested by *923 the other parent. See Blasdel v. Blasdel, 27 So.3d 1288, 1290 n. 4 (Ala.Civ.App.2009).

. The father also argues, without citing any authority to support his argument, that the trial court erred by entering a judgment ordering him to pay child support in light of the fact that he was not present for the ore tenus hearing. We will not address this issue on appeal because the father failed to present this issue to the trial court in a postjudgment motion. See Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988) ("[An appellate court] will not reverse the trial court’s judgment on a ground raised for the first time on appeal.”).

. We disagree with the assertion made by Judge Moore in his dissent that, in order "[t]o characterize unemployment traceable to incarceration as voluntary unemployment, this court would have to overrule Alred [v. Alred, 678 So.2d 1144 (Ala.Civ.App.1996)].” 54 So.3d at 929. Aired is a child-support-modification case that requires a trial court to consider the fact that a parent is incarcerated when determining that parent's ability to pay child support and states that a trial court is not limited to considering only a parent’s wages in determining whether the parent has the ability to pay child support. See State ex rel. Smith v. Smith, 631 So.2d 252 (Ala.Civ.App.1993). Even the most broad reading of Aired does not support a conclusion that a trial court could not determine that an incarcerated parent is voluntarily unemployed for purposes of establishing a child-support obligation.

. We note that the father had means of producing evidence on his behalf at the ore tenus hearing, but the record indicates that he did not pursue those means. The father could have requested to be present at the ore tenus hearing, or he could have sought leave of the court to provide his testimony pursuant to Rule 30 or Rule 31, Ala. R. Civ. P. See Veteto v. Swanson Servs. Corp., 886 So.2d 756, 767 (Ala.2003) (holding that "an incarcerated civil plaintiff is not entitled to be brought from the penitentiary to testify in his own behalf. The proper remedy is for the incarcerated civil plaintiff to take his or her own testimony, either upon written questions under Rule 31, Ala. R. Civ. P., or upon oral examination under Rule 30, Ala. R. Civ. P.”).