The Circuit Court of Baldwin County dismissed with prejudice the plaintiff's complaint for failure to comply with a prior order compelling discovery. After the time for appeal had lapsed, the plaintiff filed, and the trial court denied, a Rule 60 (b), ARCP motion for relief from the order of dismissal. Plaintiff appeals and defendant moves to strike portions of the plaintiff's brief and dismiss the appeal. The defendant's motions are denied. The trial court's denial of the 60 (b) motion is affirmed.
 MOTIONS
The defendant's first motion is to "Strike Portions of Appellant's Brief." The defendant points out numerous instances where the plaintiff has alleged facts, made statements and referred to documents in his brief which are not supported by the record. In addition, the certificate of service contained in plaintiff's brief states that defendant was served by mail on May 22, 1980. Defendant's counsel's affidavit and a copy of a letter purportedly from plaintiff's counsel indicate that the brief was not mailed until May 26, 1980. Also, as pointed out by the defendant, the plaintiff does not make any reference in his brief to the record as required by Rule 28, ARAP.
The defendant's second motion is to dismiss the instant appeal on grounds that the plaintiff has failed to make references in his brief to the record and that plaintiff's certificate of service is incorrect.
The dismissal of an appeal for failure to comply substantially with the Rules of Appellate Procedure is discretionary. Cockrell v. World's Finest Chocolate Co.,349 So.2d 1117 (1977).
We read the record in our cases. We thereby become immediately aware if a party's brief or oral argument refers to matters extraneous to that record. We consider such occurrences in the light of whether there is a clear intent to mislead the court or whether it appears counsel is *Page 1175 
merely caught up in the zeal of his advocacy. If the first is believed to have occurred, we may exercise our discretion via sanctions. If we believe the latter, we may excuse it. In any event, matters outside the record will not be considered. In this instance we opt for leniency, particularly in view of the absence of indicated prejudice to defendant. We note that defendant's brief was timely filed and is excellent. Defendant was clearly not prejudiced by the incorrect certificate of service. Although absence of reference to the record makes plaintiff's brief more difficult to verify, in this case we do not consider it sufficient reason to strike the plaintiff's brief or dismiss the appeal. We do not consider our decision to be precedential. Each case will be determined on its own circumstances. We do not condone such departure from the appellate rules.
 MERITS
The record before us is meager and reveals that the defendant filed interrogatories and requested production of documents on January 4 and March 29, 1979. On May 17 defendant moved to compel response. The court granted the motion to compel on June 18 and set the date for compliance as June 20.
On September 9 the defendant moved to dismiss the complaint for failure to comply with the June 18 order. The court dismissed the action on October 4.
Plaintiff's motion to set aside the dismissal was denied on October 31. No appeal was taken from the dismissal of the plaintiff's action.
On January 24, 1980, the plaintiff filed a Rule 60 (b), ARCP motion for relief from the order of dismissal. The Rule 60 (b) motion was denied. Plaintiff appeals.
We note that the denial of a 60 (b) motion does not present for review the correctness of the judgment sought to be set aside. It is limited to deciding the correctness of the order denying Rule 60 (b) relief. Raine v. First Western Bank,362 So.2d 846 (Ala. 1978).
In order to obtain relief under 60 (b), the movant must allege and prove one of the grounds set out under the rules.Raine, supra. Whether to grant relief on the grounds of mistake, inadvertence or excusable neglect is a matter within the discretion of the trial court. The trial court's determination to deny the relief will not be reversed on appeal absent abuse of its discretion. Maddox v. Druid City HospitalBoard, 357 So.2d 974 (Ala. 1978); 2A Ala. Dig., Appeal Error, Key No. 982 (1).
In this instance the plaintiff alleges that the order of discovery was complied with to such extent that dismissal was improper. He insists that the interrogatories were, in fact, answered and hand delivered to defendant's counsel on September 10, 1979, the date set for trial. He further alleges that the reason the answers to interrogatories were not filed and made part of the record was because of mistake or excusable neglect on the part of plaintiff's counsel or the circuit clerk's office.
In addition, the plaintiff alleges that the requests for production of documents were unanswered because defendant's counsel agreed to obtain the information via deposition of the plaintiff's medical witness.
There is nothing in the record to support any of the allegations put forth. If there were affidavits or testimony in support of the 60 (b) motion, they are not before us. Allegatanon probata are worthless. We must assume in the absence of a record that the facts support the judgment of the trial court.Summerlin v. Bowden, 353 So.2d 1175 (Ala.Civ.App. 1978); Kingv. Smith, 288 Ala. 215, 259 So.2d 244 (1972).
We cannot say the trial court abused its discretion as to require reversal in denying the Rule 60 (b) motion. Maddox,supra.
This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur. *Page 1176