This post-divorce case involves the modification of child support.
The parties were divorced in July 1992. The trial court ratified and incorporated into the divorce judgment an agreement between the parties whereby the mother was granted custody of their minor child and the father's child support obligation was set at $162.50 per month. In January 1995, the father petitioned for a modification regarding a specific visitation schedule. The mother counterclaimed, contending that the father had failed to pay child support according to the terms of the divorce judgment. She sought, among other things, an increase in child support consistent with the increase in the child's needs. Following ore tenus proceedings, the trial court increased the father's child support obligation to $325 per month. His post-judgment motion was denied, and he appeals.
The only issue presented is whether the trial court erred by increasing the father's child support obligation to an amount exceeding the guidelines, without stating its reason for deviation. The mother did not favor this court with a brief.
Rule 32, Ala.R.Jud.Admin., establishes a presumption that the application of the guidelines in a modification proceeding results in the correct amount of child support; however, if the trial court determines that application of the guidelines would be manifestly unjust or inappropriate, a written finding sufficiently rebuts that presumption. Rule 32(A), Ala.R.Jud.Admin. Furthermore, a "trial court's failure to apply the guidelines or to present findings of fact based upon evidence presented to the court as to why the guidelines were not followed requires reversal." Simmons v. Ellis,628 So.2d 804, 804 (Ala.Civ.App. 1993) (citations omitted).
In the instant case, the trial court failed to make a written finding concerning its deviation from the application of the guidelines. While the current incomes of the parties were undisputed, there was disputed testimony regarding the father's employment potential. The father testified that he had a bachelor's degree in commercial music, that he had completed some course work toward an engineering degree, that he was working in delivery earning approximately $1200 per month, and that he had been unable to find suitable employment in his field. Although the mother admitted that the father had been unsuccessful in his attempts to find suitable employment in his field, she testified that, in her opinion, one with his education has the ability to earn approximately $25,000 annually. On cross-examination, however, she acknowledged that she did not know anyone with that specific degree. She also testified that she earns approximately $1375 monthly as an administrative secretary.
The child support guideline form within the record was prepared by the mother's counsel, utilizing the above incomes, and indicates that the father's monthly obligation should be approximately $280. The trial court's judgment fails to indicate its reason for deviation and fails to make a finding "as to why the guidelines were not followed." Simmons, 628 So.2d at 804. Accordingly, the judgment must be reversed and the cause remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE, J., concur.