This is a child support modification case.
Larry Spillers and Becky Spillers were divorced on April 16, 1986. Becky Spillers, the mother, was granted custody of the parties' daughter, and Larry Spillers, the father, was required to pay child support. On November 13, 1996, the mother filed a petition seeking an increase in child support for their then 17-year-old daughter, the right to claim *Page 258 
a dependency exemption for the daughter, assistance with medical expenses, and for post-minority educational support. After an ore tenus hearing on June 12, 1997, the trial court increased the father's monthly child support obligation from $315 to $325.33, granted the mother's right to claim the tax exemption, ordered both parties to share in the daughter's medical expenses, and denied the claim for post-minority support. After the mother's motion for new trial was denied, she appealed.
The mother contends that the trial court erred in refusing to include all of the father's sources of income as required under Rule 32, Ala. R. Jud. Admin., in determining child support and post-minority support. Specifically, she argues, the father's yearly bonus should have been included in calculating his gross income.
The father had worked for the same company for seven years and had received a bonus from his employer for the past three years, 1994, 1995, and 1996. In 1994, he received a $5,771.25 bonus, and in 1995 he received a $13,243 bonus. In 1996 he received a $15,128 bonus, bringing his gross income to $53,986.
In accord with Rule 32, Ala. R. Jud. Admin., the trial court must take into account all sources of income of the noncustodial parent when computing support obligations. The trial court has no discretion in this matter. Rule 32, Ala. R. Jud. Admin.; see Rogers v. Sims, 671 So.2d 714, 716
(Ala.Civ.App. 1995). Pursuant to Rule 32, gross income includes "income from any source, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, . . . interest." Id.
Thus, Rule 32 requires that bonuses be included in one's gross income in determining child support obligations. See Tucker v.Tucker, 681 So.2d 592 (Ala.Civ.App. 1996). The rule further provides, under the category of "Other Income," that expense reimbursements or in-kind payments received by a parent in the course of employment shall be counted as income if such payments are significant and reduce personal living expenses.Id. Thus, as recognized by our Supreme Court, the guidelines require the trial court to consider the resources of the parents, and not simply their incomes, in determining child support. Ex parte St. Clair County Department of HumanResources, 612 So.2d 482, 483 (Ala. 1993).
The trial court stated that, in determining the amount of support, it would employ "the parties' present income (excluding any amounts paid to the [father] in the form of a discretionary bonus)." The trial court also stated: "I'm not going to base it on the bonuses, but I'm going to shift the tax exemption." These were the trial court's only findings on the record regarding the bonuses. Rule 32 creates a rebuttable presumption that the amount calculated pursuant to the guidelines is correct. Rule 32, Ala. R. Jud. Admin. The trial court may deviate from the guidelines if the parties agree for it to do so or if it finds that application of the guidelines would be unjust for some reason. Id. Further, Rule 32 provides that a written finding on the record by the trial court stating that the application of the guidelines is unjust or inappropriate is sufficient to rebut the presumption of correctness. Id.
The trial court failed to follow the guidelines of Rule 32 and stated no justification for the deviation from the rule. A trial court's failure to apply the guidelines or to explain why the deviation occurred, requires reversal. See Doll v. Doll,681 So.2d 601, 602 (Ala.Civ.App. 1996). Thus, we must reverse the judgment and remand this case for the trial court to consider the bonuses in computing the child support and post-minority support obligations or to make a written finding on the record explaining why application of the guidelines would be unjust or inappropriate.
The mother also contends that the trial court abused its discretion in refusing to order the father to pay post-minority educational support, because, she alleges, the trial court failed to consider the primary relevant factors as required byEx parte Bayliss, 550 So.2d 986 (Ala. 1989). In Bayliss, our supreme court held that in determining whether to make an award for post-minority educational support, the trial court "shall consider all relevant factors that shall appear reasonable and necessary, including *Page 259 
primarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Id. at 987. In Bayliss, the supreme court suggested that in making post-minority support awards, trial courts should consider "the standard of living that the child would have enjoyed if the marriage had not been dissolved and the family unit had been preserved." 550 So.2d at 987. Furthermore, we have adopted the policy that a parent should be required to financially assist in his child's pursuit of a college education when the parent is able to do so without an "undue hardship." Thrasher v. Wilburn, 574 So.2d 839, 841
(Ala.Civ.App. 1990). However, "undue hardship" does not mean personal sacrifice, as parents often sacrifice to send their children to college. Id.
In 1996, the father's income (including bonus) was $53,986 and his estimated yearly expenses were $34,893.36. The mother testified that her yearly income was $24,337.24 in 1996.
The father did not contend that he should not or could not aid his daughter in her pursuit of a college degree; however, he argued that he would help her on a voluntary basis as he decided to and that the state should not order him to do so. The father asserts that he has contributed each month to an annuity for his daughter's college education. The father stated that at his daughter's 19th birthday the annuity would be worth an amount within the range of $4,593 to $7,401. Also, the father has been ordered to pay child support until the daughter's 19th birthday. The father also maintains health insurance for the daughter.
The trial court stated in its order that requiring either party to pay the cost of sending the daughter to college "would not be appropriate in this case." Although the trial court ordered the father to maintain the annuity, at the hearing the trial court stated:
 "Mr. Spillers, you ought to help your daughter go to college, you ought to do that without the State having to force you to. I don't feel obligated to put it in writing and make you do that. As a father, if she is college eligible and capable, I would encourage you to take advantage of what I'm saying and do that voluntarily."
The daughter is a senior in high school and is pursuing an advanced diploma. The mother testified that the daughter generally makes A's or B's. During the summer before her senior year, the daughter attended a college class and completed it with a good grade. The daughter plans to attend Auburn University to pursue an education major. The mother presented evidence that indicated that the estimated cost of that education would be $9,788 per year. The mother testified that the daughter had worked during the summers and intended to work while attending Auburn.
We note that when, as in the present case, the trial court's judgment is based on ore tenus evidence, that judgment is presumed correct unless it is so unsupported by the evidence that it is plainly and palpably wrong. Kent v. Kent,587 So.2d 409 (Ala.Civ.App. 1991). Furthermore, the trial courts have been given discretionary authority to determine whether to award any post-minority college support. Bayliss v. Bayliss,575 So.2d 1117 (Ala.Civ.App. 1990) cert. denied 575 So.2d 1122
(Ala. 1991). However, from the trial court's statement at the hearing, it appears that the trial court refused to consider any evidence on the post-minority support issue and that the court viewed this as a voluntary duty only. The trial court failed to apply the factors in Bayliss and to recognize that parents, if they are financially able to do so, have a duty to provide support for their children. For this reason the trial court's denial of post-minority support is reversed and the cause is remanded for the trial court to apply the Bayliss
factors to determine the amount of post-minority support, if any, the father is obligated to pay.
The judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur. *Page 260