Mary E. Mosley ("the wife") appeals from a judgment entered by the Lamar *Page 639 
County Circuit Court that, among other things, divorced her from Jimmy Wayne Mosley ("the husband").
The parties were married in June 1982. The wife filed a complaint for divorce on February 1, 1999, alleging that the husband had committed adultery and that there had been an irretrievable breakdown of the marriage. The husband filed a motion to dismiss, which was denied. Following an ore tenus proceeding, the trial court entered a judgment on August 11, 1999, divorcing the parties based on an irretrievable breakdown of the marriage. The wife was awarded custody of the parties' two minor children, subject to certain specific visitation awarded to the husband, and the husband was ordered to pay child support in the amount of $296 per month. The trial court also divided the real and personal property between the parties. The wife, on September 9, 1999, filed a motion for a new trial, or in the alternative, a motion to alter, amend, or vacate the judgment, which was denied.
The wife appeals, arguing (1) that the trial court misapplied Rule 32, Ala.R.Jud.Admin., in calculating the husband's child-support obligation, and (2) that the trial court's division of the marital estate was inequitable.
At the time of trial, the wife was employed by Lamar County Home Health as a nurse and the husband owned and operated a business known as Mosley Services, where he worked as a plumber. The wife testified that her gross income was approximately $3,330 per month and that she paid $164 per month out of that amount for medical insurance for the family. The husband testified that his monthly gross income was approximately $1,200 per month, and that many of his personal living expenses had been paid out of his business account. The wife testified that she had been primarily responsible for paying the household bills for the last 10 years and that the husband had contributed only $200-$300 per month. The husband also testified that the wife had been primarily responsible for paying the house payment for the last 10 years.
The record reveals that the wife had received an insurance settlement in the amount of $65,000 for injuries she had sustained in an automobile accident that occurred in 1988. The parties used part of the proceeds from the settlement to buy 99 acres of land in Lamar County and applied the remainder of the proceeds toward the construction of a home on the land. The husband testified that the market value of the home was approximately $85,000, and that approximately $20,000 was owed on the home at the time of trial.
The divorce judgment states, in pertinent part:
"II. Child Support
 "[The husband] shall pay [the wife] the sum of $296.00 per month toward the support and maintenance of the parties' two minor children.
 "The award of child support made herein was determined by application of the Child Support Guidelines established by Rule 32, [Ala.R.Jud.Admin.]. A copy of the guideline form has been filed herein and has been made a part of the record in this cause.
". . . .
"III. Personal Property/Debts
 "A. The [husband] is awarded all of his clothing, personal effects and the following:
 "1. The quiltbox, desk and dining room table which [the husband's] Grandfather made and/or owned.
 "2. All of the guns (except [the wife's] personal gun) and the gunsafe.
"3. The 1998 Dodge pickup truck.
"4. The 1989 bass boat and trailer.
 "5. The Belarus tractor and equipment and cutter.
"6. The 1978 Dodge pickup truck. *Page 640 
"7. The 1989 Pace Arrow motor home.
"8. The John Deere backhoe.
"9. The 1991 Dodge pickup truck.
"10. The 1979 Chevrolet pickup truck.
"11. The 1972 GMC dump truck.
 "12. The pipe machine, sewer machine and all tools (except the lawn mower, if the parties own one).
 "Subject, however, to all outstanding indebtedness on same, regardless of who is obligated legally to pay the debts, all of which [the husband] is ordered to pay.
 "B. The [wife] is awarded all of her clothing, personal effects and the following:
"1. The 1996 Chevrolet Lumina automobile.
"2. Her personal gun.
"3. The lawn mower, if any, at the residence.
 "4. All the household goods, appliances, furnishings, pots, pans, dishes, and all other contents in the residence not specifically awarded [the husband] hereinabove.
 "Subject, however, to all outstanding indebtedness on same, regardless of who is obligated legally to pay the debt(s), all of which [the wife] is ordered to pay."
In addition to the above, the wife was awarded the marital residence and three acres of land surrounding the residence and was ordered to pay any outstanding debt on said property. The husband was awarded the remaining 96 acres of land.
The wife first argues that the trial court misapplied Rule 32, Ala.R.Jud.Admin., in calculating the husband's child-support obligation because, she says, the trial court did not include many of the husband's personal living expenses paid by the husband's company as income on the child-support-guidelines form. Rule 32(B)(4), Ala.R.Jud.Admin., provides:
 "Other Income. Expense reimbursements or in-kind payments received by a parent in the course of employment, self-employment, or operation of a business shall be counted as income if they are significant and reduce personal living expenses."
The wife cites Spillers v. Spillers, 707 So.2d 256
(Ala.Civ.App. 1997), in support of her argument. In Spillers, this court held:
 "In accord with Rule 32, Ala.R.Jud.Admin., the trial court must take into account all sources of income of the noncustodial parent when computing support obligations. The trial court has no discretion in this matter. . . . Thus, as recognized by our Supreme Court, the guidelines require the trial court to consider the resources of the parents, and not simply their incomes, in determining child support. Ex parte St. Clair County Dep't of Human Resources, 612 So.2d 482, 483 (Ala. 1993). . . . A trial court's failure to apply the guidelines or to explain why the deviation occurred, requires reversal. See Doll v. Doll, 681 So.2d 601, 602
(Ala. Civ. App 1996)."
Spillers at 258. See also Massey v. Massey, 706 So.2d 1272
(Ala.Civ.App. 1997).
The husband testified that he received a monthly income of $800 from his business. He also testified that he had paid for certain personal living expenses out of the business account and that he had not included those payments in his monthly gross income on his income affidavit. Those expenses included $125 per month for his truck payment; $35 per month for his phone bill; $60 per month for his power bill; $250 per month for his rent; and $100 per month for personal loans. We note that, although the husband's monthly income and personal living expenses paid out of his business account total $1,370, the husband reported his income to be only $1,200 on the child-support-guidelines form. The husband also testified that he had paid $198 per month out of his business account for automobile insurance for his Dodge truck and his wife's Chevrolet Lumina, that he had paid *Page 641 
approximately $114 per month out of his business account for his wife's power bill, and that he had written numerous checks to Jimmy's Minute Mart drawn on his business account for personal use. The husband testified that none of these additional amounts had been included in his gross income on his income affidavit.
It is evident from the record that the trial court did not take into consideration all of the above amounts in determining the husband's child-support obligation. Further, the trial court did not explain why it deviated from the child-support guidelines. In denying the wife's postjudgment motion, the trial court stated that "[the wife's] assertions express disagreement with the Court's Decree and are more [appropriate] as argument on appeal," and that most of the expenses that the wife argued should have been included in the husband's monthly gross income had been for her benefit.
We conclude that the trial court committed reversible error in calculating the husband's child-support obligation by failing to include in the husband's monthly gross income all of the payments made by the husband out of his business account that had been used to pay for his personal expenses. Spillers, supra.
With respect to the wife's second argument, our standard of review in regard to the trial court's division of marital property is well settled:
 "In reviewing a judgment in a divorce case in which the trial court was presented conflicting evidence ore tenus, we are governed by the ore tenus rule. Under this rule, the trial court's judgment will not be disturbed on appeal unless it is plainly and palpably wrong. Hartzell v. Hartzell, 623 So.2d 323 (Ala.Civ.App. 1993). Matters of property division rest soundly within the trial court's discretion and its determination regarding those matters will not be disturbed on appeal unless its discretion was plainly and palpably abused. Goodwin v. Estate of Goodwin, 632 So.2d 500
(Ala.Civ.App. 1993). A division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Pride v. Pride, 631 So.2d 247 (Ala.Civ.App. 1993). When dividing marital property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage. Hartzell, supra."
Golden v. Golden, 681 So.2d 605, 608 (Ala.Civ.App. 1996)
The wife argues that she should have been awarded all of the real property because the property had been purchased primarily from the proceeds that she had received from her automobile accident, and because the evidence showed that she had been primarily responsible for making the house payment for the last 10 years. The wife also argues that she should have been awarded all of the real property because of the husband's misconduct in having a relationship with another woman. We note, however, that the wife advances no argument that the trial court erred by not finding that the husband had committed adultery. Because we conclude that the evidence supports the divorce judgment as entered on the grounds of an irretrievable breakdown of the marriage, we will not consider this argument further. See,e.g., Yates v. Yates, 676 So.2d 365 (Ala.Civ.App. 1996).
The trial court awarded the wife approximately two-thirds of the marital estate. We conclude that the division of the marital property was equitable and was supported by the evidence. Under these circumstances, the trial court did not abuse *Page 642 
its discretion in dividing the marital property. Golden, supra.
Accordingly, we affirm the trial court's judgment with respect to the division of the marital property. We reverse that portion of the judgment concerning the father's child-support obligation, and we remand the cause for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.