On December 17, 1999, James Long sued Sandra Long for a divorce, alleging incompatibility. The wife counterclaimed for a divorce, alleging incompatibility and further alleging that the husband had committed adultery. She sought alimony, a division of the marital assets, and an attorney fee.
After conducting an ore tenus proceeding, the court, on December 22, 2000, entered a judgement of divorce. The judgment read in part:
 "3. The husband shall pay to the wife as periodic alimony the sum of Four Thousand Two Hundred Fifty and No/100 ($4,250.00) Dollars per month beginning January 1, 2001, and on the first day of each month thereafter.
". . . .
"10. Each party shall receive the following properties.
"Husband
"1. 8850 Pine Mountain Road . . .
"2. 5500 10th Ave South . . .
"3. S.H. General Partnership (Hilton in Sandestin)
"4. 300 308 66th Street South
"5. Husband's grandparents' farm . . .
"6. Farm-Denniston, Virginia
"7. Lots 2,3,4,5, 6 Springville. . .
"8. Donaldson, Lufkin Jennrette Acct. "9. Merrill Lynch Acct.
"10. E*Trade Acct.
"11. Ameritrade Acct.
"12. Merrill Lynch (IRA)
"13. Smith Barney 401(k) Acct.
"14. SouthTrust Bank (checking)
"15. SouthTrust Bank (checking)
"16. AmSouth checking
"17. M M Barbeque
"18. 3200 Shares of Long's Electronic Stock . . . .
"Wife
"1. 4343 Maplewood Drive . . .
"2. 724 Holiday Surf Racquet Club
"3. Smith Barney Acct.
"4. Smith Barney Acct.
"5. Merrill Lynch Acct.
"6. Smith Barney 401(k)
"7. Merrill Lynch (IRA) Acct.
"8. Regions Bank (checking) Acct.
"9. Regions Bank (savings) Acct.
"10. AmSouth Bank (money market invest) Acct.
"11. Cashier's Check . . . .
 "11. The husband shall pay to the wife the sum of Seventy Thousand Seven Hundred Seventy Five and No/100 ($70,775) Dollars for her use in paying her attorney of record. . . ."
The wife filed a postjudgment motion, arguing that the trial court's division of the parties' marital estate, which was valued at over five million dollars, was inequitable. *Page 780 
The husband filed a postjudgment motion, arguing, among other things, that the trial court had abused its discretion in awarding the wife over $2 million in marital assets and ordering him to pay $4,250 per month in periodic alimony. After hearing oral arguments, the trial court, on February 21, 2001, denied both postjudgment motions. The wife appeals, and the husband cross-appeals.
The wife argues, in part, that the trial court erred in awarding the husband 70% of the parties marital assets, which, she says, were accumulated during their 25-year marriage. She asserts that the trial court failed to consider the value of the husband's stock in his company, Long Electronics, when it divided the marital assets. The husband argues that the trial court abused its discretion in awarding the wife a substantial portion of the marital assets, in ordering him to pay periodic alimony, and in awarding the wife what he says was an excessive attorney fee.
The record reveals the following: The parties married in 1975. No children were born of the marriage; however, the husband supported the wife's three children born during her prior marriage and his two children born during his prior marriage. At the time of the trial, the wife was 59 years old. The wife testified that she worked in the husband's company from 1973 to 1978, performing primarily clerical duties, and that she had not worked since 1978. She stated that she had continued to receive a salary from the husband's company until April 2000, in the amount of $3,532 per month or $42,380 per year. The wife submitted a budget of her monthly expenses before the trial; those expenses totaled $3,385.
The husband testified that he began the business in 1968 or 1969 selling cassettes, tape recorders, and tape duplicators from his garage. In 1982 the business expanded into selling satellites, and it purchased the assets of Godwin Radio Company. After merging the two companies, the husband incorporated the business and became the sole owner of 4,800 shares of stock in Long Electronics. At the time of trial, the husband owned 3,200 shares of stock, valued at $2,882,000; in 1986 he had transferred 1,600 shares to his brother, Roy Long, and to Chris Hamburg, both managers in the company. The husband stated that he had invested in the stock market since 1960 and that he had made $1.7 million from the sale of some stock in 1988. He stated that he had invested the money in his company and that he had purchased additional investment accounts and four $100,000 certificates of deposit; two of those certificates of deposit were established solely in the wife's name. The husband had been the investor in all of the accounts accumulated during the marriage.
The trial court heard testimony from seven witnesses over several days of trial and received into evidence over 90 exhibits describing the marital assets of the parties. The husband testified that his net worth, including accounts held with the wife was $7 million. His investment accounts, real estate holdings and business ventures were valued at approximately $4 million. The wife's individual investment accounts and real and personal property were valued at over $2 million. The parties jointly owned an investment account valued at $1,117,000 and a Smith Barney account valued at $266,071; they had $75,000 in a joint checking account and the residence occupied by the wife was valued at $265,900. The trial court also heard factors relating to the breakdown of the marriage. The husband admitted to committing adultery with at least three women during the marriage, including his employee, and the wife admitted that she had become romantically involved with *Page 781 
someone in 1995. The parties stated that they had not lived together as husband and wife since 1988, although the husband continued to provide financial support for the wife until the time of trial. The wife testified that the husband had provided a college education for each of her children and that he was extremely generous — buying gifts, vehicles, and other items for her and her family.
After thoroughly reviewing the extensive record, we cannot say that the trial court erred in its division of the marital assets, in its award of periodic alimony, and in awarding the wife an attorney fee. This court has consistently held that the ore tenus rule affords a presumption of correctness to the trial court's judgment. Treusdell v. Treusdell,671 So.2d 699 (Ala.Civ.App. 1995). This presumption of correctness is based on the fact that the trial court is in the unique position of being able to observe the witnesses and to assess their demeanor and credibility. Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). Additionally, matters of alimony and property division rest soundly within the trial court's discretion, and rulings on those matters will not be disturbed on appeal except for a plain and palpable abuse of discretion. Welch v.Welch, 636 So.2d 464 (Ala.Civ.App. 1994). Matters of alimony and property division are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either of those issues. Willing v. Willing, 655 So.2d 1064 (Ala.Civ.App. 1995). Further, a division of marital property in a divorce case does not have to be equal, only equitable, and a determination of what is equitable rests within the sound discretion of the trial court. Id. Additionally, this court has held that absent an abuse of discretion, this court will not reverse a trial court's determination regarding attorney fees in a divorce case. Treusdell, citing Morrison v. Morrison, 628 So.2d 839
(Ala.Civ.App. 1993).
In Ex parte Drummond, 785 So.2d 358 (Ala. 2000), our supreme court addressed the standard of review that "appellate courts apply in reviewing a trial court's judgment awarding alimony and dividing property." It stated,
 "`A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Moreover, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion.'
"More recently, the Court of Civil Appeals has stated:
 "`The trial court has wide discretion over alimony and the division of property, and it may use whatever means are reasonable and necessary to equitably divide the parties' property. Its judgment is presumed correct and will not be reversed unless it is so unsupported by the evidence . . . as to be unjust and palpably wrong. . . . This court must consider the issues of property division and alimony together when reviewing the decision of the trial court, and, because the facts and circumstances of each divorce case are different, this court must also consider the particular facts and circumstances of the case being reviewed.'
" . . . .
 "`"[P]roperty divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court.'" *Page 782 
785 So.2d at 360-61 (citations omitted). Drummond involved the question whether the husband's inheritance, which had been used for the common benefit of the marriage, must be divided as marital property. Our supreme court held that "[n]othing in the statute [§ 30-2-51, Ala. Code 1975] states that if one party's inheritance or gifts are used for the parties' common benefit then the trial judge must consider the inheritance or gifts when making the property division."785 So.2d at 362.
In Durbin v. Durbin, 818 So.2d 396 (Ala.Civ.App. 2000), we reversed a trial court's judgment that awarded the wife $2 million of an $11-million marital estate. At issue were 240,000 shares of stock that belonged to the husband before the marriage, but that the dividends on which continued to accrue during the marriage and were used for the common benefit of the marriage. In Ex parte Durbin, 818 So.2d 404 (Ala. 2001), our supreme court reversed our judgment and affirmed the trial court' judgment, reiterating its holding in Ex parte Drummond. The court stated, in part:
 "The dispositive issue is whether the trial court abused its discretion in not awarding the wife a portion of the non-MIP Compass stock or other assets of comparable value. We hold that the wife has not shown that the trial court abused its discretion in dividing the marital assets, including the non-MIP Compass stock.
 ". . . The Court of Civil Appeals agreed that `[i]t appears that the trial court did not consider the non-MIP Compass stock in its division of marital property.' However, nothing in the record indicates that the trial court did not consider that stock when it made its ruling, even though it was not required to do so.
"The relevant statute is § 30-2-51(a), Ala. Code 1975. The statute reads:
 "`(a) If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse's family. Notwithstanding the foregoing, the judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.'
 "Although the income produced by the stock acquired by the husband before the marriage was `used regularly for the common benefit of the parties during their marriage,' the statute did not require the trial judge to consider the stock in making the property division. Instead, such a determination was left to the discretion of the trial judge, as we discussed in Ex parte Drummond.
". . . .
 ". . . We must remember that `we are authorized to disturb the trial court's decision only if it is unsupported by the evidence and, therefore, is unjust and palpably wrong.' It is not for the appellate court to substitute its judgment for that of the trial court."
818 So.2d at 409 — 09.
Based on the our supreme court's ruling in Ex parte Drummond and Exparte Durbin, the judgment of the trial court is hereby affirmed. *Page 783 
The wife's request for an attorney fee on appeal is denied.
AFFIRMED.
Crawley, Thompson, Pittman, and Murdock, JJ., concur.