THOMAS, Judge.
 

 J.M.H. (“the mother”) appeals from the Madison District Court’s judgment establishing her child-support obligation and the
 
 *800
 
 child-support obligation of J.L.W. IV (“the father”) concerning the parties’ minor child (“the child”). We reverse the trial court’s judgment.
 

 Facts and Procedural History
 

 The facts are undisputed. The child was born to the parties on July 14, 2008. The parties were involved in an intimate relationship until May or June 2009 and continued to reside together until September 2009, at which time the mother moved out of the father’s house.
 

 On September 21, 2009, the father filed a “verified petition to establish paternity, child custody, child support, and request for pendente lite relief.” On October 9, 2009, the mother filed an answer and a counterclaim against the father. The trial court set the matter for a pendente lite hearing on December 15, 2009. On December 17, 2009, the trial court entered a pendente lite order adjudicating the father to be the legal father of the child and awarding the parties joint legal and physical custody of the child. The trial court reserved “issues involving payment of child support” for a final hearing.
 

 On May 10, 2010, the trial court held a final hearing at which ore tenus evidence was presented. The parties each presented as evidence Child-Support-Obligation Income Statement/Affidavit forms (Form CS-41) indicating their monthly income. The mother’s Form CS^41 indicated that her monthly gross income totaled $858 in employment income and that she did not incur any monthly work-related child-care expenses or monthly health-insurance expenses on account of the child. The father’s Form CSAll indicated that his monthly gross income totaled $2,762.93 in employment income and that he incurred $541.67 per month in monthly work-related child-care expenses and $148.18 per month in health-insurance expenses on account of the child.
 

 On May 25, 2010, the trial court entered a final judgment. The trial court awarded the parties joint legal and physical custody of the child. The trial court also held, in pertinent part:
 

 “Child support has been calculated by applying Rule 32 of the Alabama Rules of Judicial Administration. After applying said calculations, a child support obligation for each of the parties was recommended. It is the Court’s intention that [the father] pay to [the mother] the amount recommended by applying Rule 32 calculations during any periods of time that the minor child is in the physical custody of [the mother]. It is the Court’s intention that [the mother] pay to [the father] the amount recommended by applying Rule 32 calculations during any periods of time that the minor child is in the physical custody of [the father]. Accordingly, it is Ordered that [the father] shall pay to [the mother] the sum of $32.00 (Thirty-Two Dollars) per month, which represents the difference in calculations under Rule 32. In addition to the monthly child support payment, [the father] shall continue paying work-related daycare expenses.... Said child support payments shall be applied retroactively to the month of September, 2009, creating an arrearage obligation of [the father] to [the mother] in the total amount of $288.00.”
 

 On June 8, 2010, the mother filed a post-judgment motion to alter, amend, or vacate the trial court’s judgment,
 
 [1]
 
 arguing that
 
 *801
 
 the trial court had miscalculated the parties’ child-support obligations under Rule 32, Ala. R. Jud. Admin.; that motion was denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. The mother appealed.
 

 Standard of Review
 

 The trial court entered its judgment after receiving ore tenus testimony.
 

 “ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.””
 
 Water Works & Sanitary Sewer Bd. v. Parks,
 
 977 So.2d 440, 443 (Ala.2007) (quoting
 
 Fadalla v. Fadalla,
 
 929 So.2d 429, 433 (Ala.2005), quoting in turn
 
 Philpot v. State,
 
 843 So.2d 122, 125 (Ala.2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’
 
 Wattman v. Rowell,
 
 913 So.2d 1083, 1086 (Ala.2005) (quoting
 
 Dennis v. Dobbs,
 
 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’
 
 Wattman v. Rowell,
 
 913 So.2d at 1086.”
 

 Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc.,
 
 985 So.2d 924, 929 (Ala.2007).
 

 Discussion
 

 The mother argues on appeal that the trial court erred in its calculation of the parties’ child-support obligations under Rule 32, noting that “the trial court did not include in the record a completed [Child— Support Guidelines form (Form CS-42) ].” The mother also argues that, based on the trial court’s miscalculation of the parties’ child-support obligations, the trial court miscalculated the amount of the father’s arrearage of child-support payments. We agree.
 

 In
 
 Hayes v. Hayes,
 
 949 So.2d 150, 154-55 (Ala.Civ.App.2006), this court stated:
 

 “This court has held that if the record does not reflect compliance with Rule 32(E), Ala. R. Jud. Admin, (which requires the filing of ‘Child Support Obligation Income Statement/Affidavit’ forms (Forms CS-41) and a ‘Child Support Guidelines’ form (Form CS-42)), and if child support is made an issue on appeal, this court will remand (or reverse and remand) for compliance with the rule.
 
 See Martin v. Martin,
 
 637 So.2d 901, 903 (Ala.Civ.App.1994). On the other hand, this court has affirmed child-support awards when, despite the absence of the required forms, we could discern from the appellate record what figures the trial court used in computing the child-support obligation.
 
 See, e.g., Dunn v. Dunn,
 
 891 So.2d 891, 896 (Ala.Civ.App.2004);
 
 Rimpf v. Campbell,
 
 853 So.2d 957, 959 (Ala.Civ.App.2002); and
 
 Dismukes v. Dorsey,
 
 686 So.2d 298, 301 (Ala.Civ.App.1996). Nevertheless, without the child-support-guidelines forms, it is sometimes impossible for an appellate court to determine from the record whether the trial court correctly applied the guidelines in establishing or modifying a child-support obligation.
 
 See Horwitz v. Horwitz,
 
 739 So.2d 1118, 1120 (Ala.Civ.App.1999).
 

 “The record in this ease contains only one Form CS-41 prepared by the father; it reflects an amount between
 
 *802
 
 $1,200 and $1,400 in monthly income. However, the judgment expressly noted that the trial court had imputed a monthly income to the father of $4,417 and that the actual monthly income of the mother totaled $8,245. Calculating the father’s child-support obligation under Rule 82 based solely on his percentage share of the parties’ combined incomes (as reflected in the judgment) would result in a child-support obligation significantly greater than $625 per month. In fact, no application of the income figures specified by the trial court to the schedule of basic child-support obligations in the child-support guidelines supports the $625 monthly child-support award, and the trial court did not expressly state that it had deviated from the guidelines or state any reasons why a deviation from the guidelines would be necessary.
 
 See
 
 Appendix to Rule 32, Ala. R. Jud. Admin.;
 
 see also Mosley v. Mosley,
 
 770 So.2d 638, 640 (Ala.Civ.App.2000).
 

 “Accordingly, we must reverse the judgment modifying the child-support award and remand the cause for the trial court to properly determine the father’s prospective child-support obligation in compliance with Rule 32, Ala. R. Jud. Admin. The trial court may, in its discretion, compute the obligation according to the guidelines or expressly state the reasons why a deviation from the guidelines is necessary in this case.
 
 See also Harmon v. Harmon,
 
 928 So.2d 295 (Ala.Civ.App.2005).”
 

 In the present case, after calculating the parties’ respective child-support obligations under Rule 32, the trial court ordered the father to pay $32 per month in child support. In contravention of Rule 32(E), Ala. R. Jud. Admin., the record does not include a copy of a Child-Support Guidelines form (Form CS^2). As a result, as in
 
 Hayes,
 
 we are not able to determine how the trial court arrived at its conclusion that the parties’ respective child-support obligations resulted in the father’s being obligated to pay $32 per month in child support. The trial court’s judgment indicates that the court adhered to Rule 32 in arriving at its conclusion. However, comparing the information from the parties’ respective Form CS-41s and the trial court’s determination that the father pay $32 per month in child support with the child-support guidelines contained in the Appendix to Rule 32, we are unable to determine how the trial court arrived at its conclusion that the father should pay $32 per month in child support.
 

 The father argues in his appellate brief before this court that the trial court deviated from the child-support guidelines set forth in the Appendix to Rule 32 in arriving at its conclusion that the father should pay $32 per month in child support. However, in order for a trial court to deviate from the child-support guidelines set forth in the Appendix to Rule 32, it is required to make an express determination that application of the guidelines would be manifestly unjust or inequitable and to state its reasons for deviating from the guidelines.
 
 See
 
 Rule 32(A)(ii), Ala. R. Jud. Admin.;
 
 see also Sexton v. Sexton,
 
 42 So.3d 1280, 1283 n. 4 (Ala.Civ.App.2010) (holding that a trial court “may deviate from the child-support guidelines if it determines that a deviation is appropriate and it states its reasons for the deviation in accordance with Rule 32(A)(ii), Ala. R. Jud. Admin.”). The trial court in the present case made no such finding — in fact, the trial court stated in its judgment that the parties’ child-support obligations were “calculated by applying Rule 32 of the Alabama Rules of Judicial Administration” — and, thus, we must conclude that it did not deviate from the child-support guidelines.
 

 
 *803
 

 Conclusion
 

 Based on the foregoing, we reverse the trial court’s judgment as to the amount of the parties’ child-support obligations and, consequently, as to the amount of the father’s arrearage of child-support payments, and we remand the cause to the trial court to properly determine the amount of the parties’ child-support obligations in compliance with Rule 32 and to properly determine the amount of the father’s arrearage, if any, of child-support payments. The trial court may, in its discretion, compute the parties’ child-support obligations according to the child-support guidelines set forth in the Appendix to Rule 32 or expressly state the reasons why a deviation from the guidelines is necessary in this case.
 

 The mother’s motion for an award of attorney fees on appeal is denied.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P. J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . The mother styled her postjudgment motion as a “Motion to alter, amend or vacate final order pursuant to Rule 60(b)[, Ala. R. Civ. P.]” However, the motion was filed within 30 days of the entry of the trial court's final judgment and was, in both form and substance, a Rule 59(e), Ala. R. Civ. P., motion and is considered as such by this court.
 
 See
 
 
 *801
 

 Morrison v. Phillips,
 
 992 So.2d 743, 744 (Ala.Civ.App.2008) (A motion purportedly filed pursuant to Rule 60(b), Ala. R. Civ. P., that fails to "allege any ground justifying relief under Rule 60(b), Ala. R. Civ. P.,” is, "in both form and substance, a Rule 59(e), Ala. R. Civ. P., motion.”).